**C. Roger HARKER, Movant,**

v.

**The FEDERAL LAND BANK OF LOUISVILLE, Respondent.**

Supreme Court of Kentucky.

Oct. 4, 1984.

Rehearing Denied Dec. 6, 1984.

Philip C. Kimball, Louisville, for movant.

Winston Miller, D. Patton Pelfrey, Kenneth E. Lauter, Brown, Todd & Heyburn, Charles L. Hardin, Gen. Counsel and Secretary, Louisville, for respondent.

WINTERSHEIMER, Justice.

This appeal is from a summary judgment dismissing Harker's claim of age discrimination in a discharge from the bank.

The specific issue is whether the circuit court committed reversible error in ruling that there was no genuine issue as to any material fact and determining that the bank was entitled to a judgment as a matter of law pursuant to Civil Rule 56.03.

In 1979, Harker was employed by the bank as an internal auditor. He was 51 years of age. His immediate supervisor was Charles R. Whalin. On August 4, 1980, less than 13 months after his employment, Harker was discharged from his probationary position by Whalin. At the time of his termination, Harker was 52 years old. Harker filed a charge of age discrimination with the Federal Equal Employment Opportunity Commission and the Kentucky Commission on Human Rights. After investigation, the Equal Employment Opportunity Commission determined that it would not pursue his claims, and consequently he was permitted to file an action in any court of competent jurisdiction. Harker exercised this right on December 12, 1981, when he filed an action against the bank alleging that it had unlawfully discharged him from his position as an internal auditor because of his age, in violation of KRS 344.040(1).

After discovery was complete, the bank filed a motion for summary judgment and one day before the scheduled trial, the circuit judge granted the motion. The Court of Appeals affirmed the summary judgment and this Court granted review.

This Court affirms the judgment of the Court of Appeals and the circuit court be-

cause Harker has failed to establish "cold hard facts creating an inference showing age discrimination was a determining factor" in his discharge, and therefore there was no genuine issue as to any material fact and the bank was entitled to judgment as a matter of law.

■■■ Generally, summary judgment procedures do not authorize the circuit court to adjudicate issues but only permits a pretrial review of the facts to determine if there are no genuine issues as to whether the moving party is entitled to judgment as a matter of law. All doubts must be resolved against the movant. The procedure is not a substitute for trial. *Shelanie v. Nat'l Fireworks Ass'n.*, Ky., 487 S.W.2d 921 (1972). Summary judgment must be denied where there is a legitimate dispute as to genuine issues of evidentiary facts. However, where the conflict is between inferences to be drawn from undisputed facts, summary judgment may be granted when it is clear that the only reasonable inference is in favor of the moving party. Once it has been established that the evidentiary facts are genuinely undisputed, the movant must establish his right to a judgment as a matter of law. Where the claims have no substance or the controlling facts are not in dispute, summary judgment is proper.

■ As a general rule, the plaintiff need not establish a *prima facie* case simply because there is a motion for summary judgment. In an age discrimination case there is a different standard on summary judgment.

The Kentucky age discrimination statute is specially modeled after the Federal law. Consequently, in this particular area we must consider the way the Federal act has been interpreted. *See, Kentucky Com'n on Human Rights v. Commonwealth of Ky., Department of Justice,* Ky.App., 586 S.W.2d 270 (1979).

■ The Federal law has a different standard for a summary judgment in age discrimination cases than usually applies. *See, McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Rather than requiring that the pleadings and depositions foreclose the possibility that plaintiff can prove a case at the time of trial, the special rule for age discrimination summary judgments is whether the plaintiff has proof of "cold hard facts creating an inference showing age discrimination was a determining factor" in the discharge. Harker did not.

Although Harker alleges that his dismissal was a result of age discrimination the real question presented here is whether he established an inference showing age discrimination was a determining factor in discharge. Harker claims that he was terminated by his supervisor because of his age. The only evidence offered by him to support such a charge was that two days after his discharge, he was replaced by a "younger and unqualified" person. He did not introduce any other evidence. His theory of the case is that he was terminated as part of a scheme between the supervisor and his successor in which Harker would be allowed to work only until the younger employee had become experienced enough to replace him.

In considering this matter, we must review the Kentucky statute and look for guidance in interpreting it to the Federal law. *Kentucky Com'n on Human Rights v. Commonwealth, Dept. of Justice, supra.* The circuit court took into consideration the age discrimination and employment act, 29 U.S.C. § 621 et seq. This is the first time we have undertaken to examine the elements of an age discrimination action under Kentucky law. The bank argues that the Federal courts have taken two approaches to motions for summary judgments in A.D.E.A. suits. Many of the circuit courts of appeal have adopted a modified approach to the interpretation of the landmark decision of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). The Sixth Circuit Court of Appeals, which includes Kentucky, has not only followed the guidelines of *McDonnell Douglas, supra,* but has developed a case-by-case approach.

Both methods require an age discrimination plaintiff to produce specific evidence that age was a determining factor in the employment termination in order to avoid summary judgment. *See Loeb v. Textron, Inc.*, 600 F.2d 1003, 1019 (1st cir., 1979); *Laugesen v. Anaconda Co.*, 510 F.2d 307, 316–317 (6th cir., 1975).

Pursuant to the modified *McDonnell Douglas* method, the Sixth Circuit approach is that the plaintiff must demonstrate facts sufficient to create a reasonable inference that age discrimination was the determining factor in an employment decision relating to him. All the Federal circuits but the Sixth, evaluate whether the plaintiff has made a sufficient showing with a three-stage analysis:

First, the plaintiff must show that he (1) belongs to the statutorily protected age group, (2) performed his job satisfactorily, (3) was nonetheless terminated, and (4) was replaced by a younger person. Second, once a *prima facie* case has been established, the employer has the burden of producing evidence that the applicant was discharged for a legitimate nondiscriminatory reason.

Third, with the inference of discrimination rebutted, the burden returns to the plaintiff to produce specific facts, not mere assertions.

In an age discrimination action, the inference of discrimination raised by a *prima facie* showing, once it is rebutted by a stated legitimate reason, cannot serve to create a genuine issue of material fact. *See Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th cir., 1983). An age discrimination plaintiff who has established *prima facie* case must produce specific evidence of pretext to avoid summary judgment. *Nash v. Jacqueline Cochran, Inc.*, 548 F.Supp. 676 (S.D.N.Y., 1982); *Kephart v. Institute of Gas Technology*, 630 F.2d 1217, 1223 (7th cir., 1980).

■ We are persuaded that the approach used by the Sixth Circuit Court of Appeals which incorporates *McDonnell Douglas* is applicable here. The Sixth Circuit makes a but/for test or the equivalent of a third stage pretext analysis without regard to whether the initial two stages of the *McDonnell Douglas* test have been met. In the absence of specific evidence of age discrimination, a summary judgment is proper. *Rose v. National Cash Register Corp.*, 703 F.2d 225 (6th cir., 1983), cert. den. —— U.S. ——, 104 S.Ct. 352, 78 L.Ed.2d 317 (1983).

■ As the court explained in *Laugesen*, it is very normal for older employees to leave the work force and to be replaced by younger persons. There is no automatic presumption that whenever an employee is replaced by another of a different age that discrimination is the cause.

■ Harker has not established the initial inference of age discrimination because he has not demonstrated facts sufficient to prove satisfactory job performance and the bank has rebutted any such possible inference by showing through Harker's own testimony that the personality and management style conflict between Harker and his supervisor would render Harker ineffective in his job. Harker has not produced specific facts that the bank's stated reason for his termination was a pretext for age discrimination.

There is no question that Harker was within the protected age group and was terminated and replaced by a younger employee. Harker, in his deposition, admitted that he was incapable of working under Whalin's supervision and that the efficiency and effectiveness of the bank's audit program was being damaged by his inability to accept managerial supervision from Whalin. Consequently, under both the modified *McDonnell Douglas* approach, as in *Huhn v. Koehring Co.*, 718 F.2d 239 (7th cir., 1983), and under the Sixth Circuit approach, *Locke v. Commercial Union Ins. Co.*, 676 F.2d 205 (1982), summary judgment was proper.

■ The briefs and the record contained extensive details and many examples of the conflict in personality and managerial style between Harker and his supervisor. Such a conflict does not provide a basis for

an age discrimination cause of action. It can provide a valid reason for discharge by an employer. *See Kerwood v. Mortgage Bankers Ass'n of America, Inc.,* 494 F.Supp. 1298 (D.C.1980); *Ackerman v. Diamond Shamrock,* 670 F.2d 66 (6th cir., 1982). The age discrimination law was not intended as a vehicle for judicial review of business decisions regarding terminations. *Kephart v. Institute of Gas Technology, supra;* Even if Harker's job performance had been satisfactory in every other way, his refusal to conform to his supervisor's managerial technique was a valid basis for his discharge. *Kerwood, supra.* Harker was a member of the bank's managerial staff.

Here the bank expressed a legitimate reason for its decision to discharge Harker. Consequently, he was required to produce specific evidence that it was not the real reason for his discharge but rather a plot or pretext for age discrimination. This case is not a dispute over job performance, but rather whether the bank's decision to terminate Harker was improperly and unlawfully motivated by reason of age discrimination. *Huhn, supra.* The only thing the bank cannot do for the purposes of this lawsuit is discriminate because of age. A careful review of the proceedings and record presented to the circuit court does not indicate any basis for a reversal of its decision to grant a summary judgment.

Harker has failed to produce any significant or substantial evidence of a plot or pretext that age was the determining factor in his discharge. *Steckl, supra.* All of the claims regarding hidden motivations and conspiracy are totally unrelated to age discrimination.

The two incidents alleged by Harker as evidence of age discrimination, that is the initial employment interview which discussed personnel and the job description and the alleged "promises" made by Whalin to the successor of Harker, do not amount to sufficient genuine factual questions under either Federal court approaches to avoid summary judgment. A reasonable inference of age discrimination could not arise from either incident. Both are subjective speculation and conjecture.

Harker has provided no hard proof, creating an inference showing age discrimination was a determining factor in discharge. The bank is entitled to a judgment as a matter of law. The decision of the Court of Appeals and the summary judgment of the circuit court are affirmed.

We are not convinced by Harker's other argument that the Court of Appeals committed any reversible error in regard to its reference to the failure of Harker to supply statistical evidence or that the reference to the composition of the bank's work force was used as conclusive proof that the bank did not discriminate against Harker.

All concur, except STEPHENS, C.J., and VANCE, J., who concur in result only.