Walter B. HARVEY, Plaintiff,

v.

I.T.W., INC., an Illinois Corporation, and Southern Gage Company, a Tennessee Corporation, Defendants.

Civ. A. No. C-85-0086-BG(M).

United States District Court, W.D. Kentucky, Bowling Green Division.

June 30, 1987.

James H. Lucas, Michael A. Owsley, English, Lucas, Priest & Owsley, Bowling Green, for plaintiff.

Edward Katze, Larry N. Bridgesmith, Constangy, Brooks & Smith, Atlanta, Ga., Steven D. Downey, Hixson and Downey, Bowling Green, Ky., for defendants.

## MEMORANDUM OPINION

MEREDITH, District Judge.

This matter was set for trial by jury on March 16, 1987. Pending in the file at the time was defendants' motion for summary judgment. Prior to trial the Court notified the parties through the Clerk of the Court that the motion for summary judgment would be granted and the action was remanded from the trial calendar. The Court now enters its Memorandum Opinion detailing its decision.

This action was removed from state court and the jurisdiction of this Court is based on diversity of citizenship.

The plaintiff, Walter Bell Harvey, was terminated from his position as plant manager at Southern Gage Company's Franklin, Kentucky, manufacturing facility. Southern Gage is a wholly owned subsidiary of I.T.W. Inc. At the time of his termination Harvey was forty-six years of age. He had first started working for Southern Gage in 1958, took time out to serve in the military in 1960, returned in 1961, left again to work in his father-in-law's furniture store in 1965, and returned in 1968, to stay until his termination October 5, 1984, by Bill Thomsen, Harvey's

immediate supervisor and Southern Gage's general manager. Harvey has filed this action alleging that in discharging him the defendants discriminated against him on the basis of age in contravention to Kentucky Revised Statute 344.040. Harvey has additionally pleaded causes of action for outrageous conduct; wrongful discharge in contravention of public policy; tortious interference with present and prospective employment; and, gross negligence.

Kentucky Revised Statute 344.040(1) provides in pertinent part as follows:

"It is unlawful practice for an employer: (1) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's ... age between forty (40) and (70)(.)"

Kentucky Revised Statute 344.450 allows a person injured by a violation of Chapter 344 to seek redress through the circuit courts of the Commonwealth without pursuing administrative remedies first, and this is what Harvey has done.

"The Kentucky age discrimination statute is specially modeled after the Federal law" and in this particular area the Kentucky courts will "consider the way the Federal act has been interpreted." *Harker v. Federal Land Bank of Louisville*, 679 S.W.2d 226, 229 (Ky.1984).

While *McDonnell Douglas v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) provides the basic model for employment discrimination cases the Sixth Circuit has opted for a less rigid case by case approach in age discrimination cases saying:

"The progression of age is a universal human process. In the very nature of the problem, it is apparent that in the usual case, absent any discriminatory intent, discharged employees will more often than not be replaced by those younger than they, for older employees are constantly moving out of the labor market, while younger ones move in. This factor of progression and replacement is not necessarily involved in cases involving immutable characteristics of race, sex and national origin. Thus, while the principal thrust of the Age Act is to protect the older worker from victimization by arbitrary classification on account of age, we do not believe that Congress intended automatic presumptions to apply whenever a worker is replaced by another of a different age."

*Laugesen v. Anaconda Co.*, 510 F.2d 307, 313 n. 4 (6th Cir.1975).

■ Having reviewed the record and all evidence properly admitted, the Court is of the opinion that plaintiff has failed to raise a *prima facie* case of age discrimination. In 1977 or 1978, Harvey was promoted from the position of plant superintendent at defendant's Franklin facility to the position of plant manager. He testified that the promotion did not change his job duties substantially since there had not previously been a plant manager and as superintendent he had been the highest ranking company officer located at the Franklin plant. In 1978 or 1979, Jerry Seay was hired to act as plant superintendent at the Franklin facility. Seay was put in charge of production with direct responsibility for the plant's hourly work force, while Harvey was responsible for inventory, purchasing, salaried personnel and quality control. In 1984, Southern Gage was acquired by I.T.W., Inc. and Ralph Lynn, Sr. was replaced by William H. Thomsen as general manager of the corporation. Southern Gage, in addition to the Franklin facility, also maintained a manufacturing facility at Erin, Tennessee, which manufactured essentially the same product line as the Franklin plant. The Erin facility was roughly twice the size of the Franklin plant and the bulk of the Franklin plant's administrative functions were carried out at the Erin facility.

Thomsen testified in his deposition that he terminated Harvey because of (1) inventory control problems; (2) a personal conflict between Harvey and Seay; and (3) to reduce overhead by reducing the number of supervisory personnel. Shortly after Harvey's employment was terminated, Seay

was made operations manager for both the Franklin and Erin facilities with continuing direct responsibility for the hourly workers at the Franklin plant. Wendell Turney, a line supervisor at Franklin, was made foreman to operate the plant when Seay was physically absent.

When asked in the course of his deposition why he felt he was terminated Harvey answered, "I don't really know." Harvey depo. at p 53. When asked why age may have been a factor, he stated that he lacked only twenty points of the required ninety points needed to retire. However, he estimated it would have taken ten additional years to acquire the additional twenty points.

Defendants' evidence has been that after the oil boom of the early eighties ended, its business has been in decline, and that, as a result it was necessary to reduce costs by reducing overhead. From the record it is obvious that Thomsen, feeling the need to reduce personnel was required to decide between Harvey and Seay. Seay was perceived to be the more aggressive, innovative, and production minded of the two and thus was chosen. Seay may have sandbagged Harvey, clearly he edged him out, but there is nothing in the record to even indicate that age may have been a factor. At the time, Seay was forty-two years of age. Turney's age has not been indicated.

"The mere termination of a competent employee when an employer is making cutbacks due to economic necessity is insufficient to establish a prima facie case of age discrimination." *LaGrant v. Gulf & Western Mfgr. Co., Inc.,* 748 F.2d 1087, 1090 (6th Cir.1984). Furthermore, a conclusory statement by a plaintiff, without anything more, that he was terminated because of his age will not suffice to defeat a motion for summary judgment. *Locke v. Commercial Union Insurance Co., Etc.,* 676 F.2d 205, 206 (6th Cir.1982). *Ackerman v. Diamond Shamrock Corp.,* 670 F.2d 66, 69 (6th Cir.1982); *Kendall v. Hoover Co.,* 751 F.2d 171, 173 (6th Cir.1984).

Even assuming *arguendo* the defendants terminated Harvey to prevent his pension rights from fully vesting, this would not be probative of age discrimination since it goes to tenure with the company, not age. A young person who has been with the company for a long time may very well be closer to a fully vested pension than an older person who just started work there recently. Having reviewed the entire record the Court simply cannot find any "concrete," *Ackerman,* 670 F.2d at 70, or "cold hard facts," *Harker,* 679 S.W.2d at 229, evidencing any improper motive on defendants' part. Since no genuine issues of material fact remain "that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986), then summary judgment will be granted on Harvey's age discrimination claim.

■ Harvey has additionally claimed that his discharge was in contravention of public policy. *See Firestone Textile Co. Div., Etc. v. Meadows,* 666 S.W.2d 730 (Ky. 1983). "*Firestone* provides a narrowly defined exception to the 'terminable-at-will' doctrine, and articulates the elements that trigger the exception." *Grzyb v. Evans,* 700 S.W.2d 399, 400 (Ky.1985). They are:

"1) The discharge must be contrary to a fundamental and well-defined public policy as evidenced by existing law.

2) That policy must be evidenced by a constitutional or statutory provision.

3) The decision of whether the public policy asserted meets these criteria is a question of law for the court to decide, not a question of fact."

*Id.* at 401.

Harvey contends that having worked for the defendants for twenty-four years, and having come within twenty points of qualifying for full benefits under the company's retirement plan, his termination was in contravention of the express policy of the Employee Retirement Income Security Act, Title 29, United States Code, Section 1001 *et seq.* (ERISA), since the defendants could now avoid paying him his full pension. Plaintiff states: "To permit employers to fire employees nearing retirement rather than pay them full benefits would defeat

the purpose for which ERISA was enacted."

Title 29, United States Code, Section 1140 provides in relevant part:

"It shall be unlawful for any person to discharge ... a participant or beneficiary ... for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan...."

Title 29, United States Code, Section 1132 provides for civil actions by plan participants or beneficiaries to redress violations of Section 1140. The Sixth Circuit has said that the prohibitions of Section 1140 "were aimed primarily at preventing unscrupulous employers from discharging or harassing their employees in order to keep them from obtaining vested pension rights." *West v. Butler*, 621 F.2d 240, 245 (6th Cir.1980). In *Ferguson v. Freedom Forge Corp.*, 604 F.Supp. 1157, 1162 (W.D.Pa. 1985), the court said of Section 1140: "An employee can recover under this provision if it can be shown that the reasons given by the employer for the plaintiff-employee's termination were pretextual and if the true purpose of the discharge was to deprive the employee of his pension rights."

Defendants cite to *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) and *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), for the proposition that ERISA in general and Title 29, United States Code, Section 1144 specifically, would preempt any state law in this area. Defendants further cite to *Kross v. Western Electric Co., Inc.*, 701 F.2d 1238 (7th Cir.1983), for the proposition that a plaintiff would first be required to exhaust administrative remedies before filing an action under Section 1140. Without studying the issue closely it would appear that ERISA would preempt state law in this area under *Alessi* and *Shaw*. Whether exhaustion of administrative remedies would be required is apparently up for grabs as is evidenced by *Zipf v. American Telephone and Telegraph Co.*, 799 F.2d 889 (3rd Cir. 1986), in which the Seventh Circuit persuasively determined that exhaustion is not required where the plaintiff's claim was based on statutory rights rather than contractual, since the plan fiduciaries were not particularly qualified to resolve the former type of dispute. However, the Court need not decide either of these issues since, as defendants point out in their supplemental memorandum, the then recent case of *Grzyb, supra,* would prevent the plaintiff from bringing an ERISA based wrongful discharge suit because ERISA, in addition to enunciating the public policy plaintiff seeks to rely upon, also provides the structure for pursuing a claim for its violation. 700 S.W.2d at 401. Defendants are entitled to summary judgment on plaintiff's wrongful discharge claims.

■ Harvey has additionally claimed that the defendants, in abruptly discharging him without warning and without justification have acted outrageously, intentionally inflicting emotional distress as the tort has been defined in *Craft v. Rice,* 671 S.W.2d 247 (Ky.1984). Plaintiff in his Response states: "The 24–year employment relationship entitled Bell [Harvey] to more than a summary booting out the door." If anything, Harvey appears to be complaining that Thomsen was *too* business-like in discharging him.

In Kentucky, an employee's long tenure with an employer will not serve to create an implied duty of good faith dealing. *Wyant v. SCM Corporation,* 692 S.W.2d 814, 816 (Ky.Ct.App.1985). An employee is just as terminable at will after twenty-four years as he was on his first day of work. There is nothing in the record to indicate that Thomsen stepped outside the bounds of decency in the manner in which he discharged Harvey. The Court understands that Harvey was distressed by his sudden discharge as, indeed, most people in his position would be. However, defendants were doing nothing more than they were legally entitled to do and summary judgment must be granted on this claim also.

Harvey has made some additional claims, which may loosely be defined as tortious interference with present and prospective employment; and gross negligence. Plaintiff's complaint originally alleged the existence of a good cause contract of employment. By stipulation of the parties this claim was dropped and the record contains nothing to support the existence of such a

contract. Absent a good cause contract these additional claims must fail also. Since Harvey was terminable at will then no duty existed which could be breached. *Reid v. Sears, Roebuck and Company,* 790 F.2d 453, 462 (6th Cir.1986). " 'Where the actor does no more than insist upon his own legal rights, no liability will be imposed.' " *Id.* quoting from *Ledl v. Quik Pik Stores,* 133 Mich.App. 583, 591, 349 N.W.2d 529 (1984). These additional claims will also be dismissed.

An appropriate Order will be entered as of this same date.

### FINAL ORDER AND JUDGMENT

For the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED AND ADJUDGED that the motion of the defendants, I.T.W., Inc. and Southern Gage Company, for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure dismissing the claims of the plaintiff, Walter B. Harvey, is hereby granted and plaintiff's complaint is dismissed with prejudice. Each party is to bear its own costs.

This is a final and appealable Order.