918 F.2d 179
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Earl NEELY, Plaintiff-Appellee,
v.
The FIRESTONE TIRE AND RUBBER COMPANY, Defendant-Appellant.
 No. 90-5038.
 United States Court of Appeals, Sixth Circuit.
 Nov. 13, 1990.
 
 Before NATHANIEL R. JONES and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case involves an age discrimination suit under Kentucky law. The district court, purporting to retain jurisdiction under the doctrine of pendent jurisdiction, denied the employer's motion for summary judgment on the state claim, but then dismissed the state claim without prejudice. We find, however, that the district court improperly dismissed the state law age discrimination claim. Therefore, we reverse the dismissal without prejudice and remand to the district court for resolution on the merits.
 
 
 2
 * In 1976, defendant-appellant Firestone Tire and Rubber Company hired plaintiff-appellee Earl Neely as a maintenance supervisor for its Henderson, Kentucky plant. By June 1984, Neely had been promoted to the position of preventative maintenance foreman. In September 1985, the position of maintenance manager came open and Neely applied for the opening. On October 15, 1985, Production Manager Robert Fagerlin and Salaried Personnel Section Manager Sharon Pepper interviewed Neely for the position. Neely was told at the interview that he would not be given further consideration for the position. In addition, Neely asserts through deposition and affidavit that Fagerlin told him at the interview that the company wanted somebody younger, more progressive, and "not tainted by ten years at Firestone." J.App. at 75 (Neely deposition).
 
 
 3
 Firestone hired Allen Ruppenthal from outside the company for the maintenance manager position. At the time, Ruppenthal was forty-five years old and Neely was forty-seven years old. Neely then applied for a transfer to the Planner's Office. Neely was denied the transfer, and was eventually reassigned to the second and third shifts. Neely states in his affidavit that both Ruppenthal and Fagerlin told him that he had "nowhere to go with Firestone." Id. at 88-89. Neely then decided to take advantage of a voluntary lay-off program in effect at the plant as part of a reduction in force. Neely also states in his deposition that when he informed Ruppenthal of his departure that "he told me that he was glad I had made that decision, which he immediately retracted." Id. at 51.
 
 
 4
 Neely filed suit against Firestone on May 6, 1986. Jurisdiction was based on diversity between the parties. Neely's complaint alleged four state law causes of action and one federal law claim: breach of an express contract of employment, breach of an implied contract of employment, breach of a duty of good faith and fair dealing, infliction of severe emotional distress, and a claim under the federal Age Discrimination in Employment Act of 1967 ("ADEA"). On January 22, 1988, the U.S. District Court for the Western District of Kentucky granted Firestone's summary judgment motion with respect to the federal ADEA claim because Neely had failed to file a preliminary charge with the EEOC. At the same time, the district court granted Neely's motion to amend his complaint under Fed.R.Civ.P. 15(a) in order to add a state law age discrimination claim claim under Kentucky Revised Statutes Sec. 344.450. J.App. at 92-96.
 
 
 5
 On November 7, 1989, the district court entered summary judgment dismissing all of Neely's claims with the exception of the state law age discrimination claim. The district court applied the "stringent summary judgment standard" applied to age discrimination claims, but did not grant summary judgment because "Neely has alleged certain facts which are material to the issue of age discrimination." Id. at 32. The district court stated that its jurisdiction was based on the diversity statute, 28 U.S.C. Sec. 1332, and that the state age discrimination claim was being heard "under our exercise of pendent jurisdiction." Id. at 27. Thus, when the diversity claims were dismissed, there was "nothing to append this claim to." Id. at 32-33. The district court then dismissed the state age discrimination claim without prejudice so as to permit Neely to "pursue it in the appropriate forum."[1] Id. at 33. On December 26, 1989, Firestone appealed the dismissal without prejudice of the age discrimination claim.
 
 II
 
 6
 Firestone argues that the district court erred in dismissing Neely's state age discrimination claim because a basis for jurisdiction existed--diversity between the parties. Firestone argues that when Neely amended his complaint to add the state age discrimination claim, following dismissal of the federal ADEA claim, he "incorporated by reference" the claim of diversity which served as the jurisdictional basis for the four state common law claims. Firestone Reply Brief at 1. As a result, Firestone concludes that the district court should accept jurisdiction over the state claim because diversity jurisdiction is uncontested.
 
 
 7
 The district court's dismissal of "pendent" state claims following the dismissal of the "federal" claims would normally be reviewed under an abuse of discretion standard. Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit, 738 F.2d 163, 166 (6th Cir.1984). However, given our conclusion that the district court improperly invoked pendent jurisdiction, we review the district court's dismissal without prejudice de novo. Teledyne, Inc. v. Kone Corp., 892 F.2d 1404, 1406 (9th Cir.1989); Public Funding Corp. v. Lawrence Cty. Fiscal Ct., No. 89-5486 (6th Cir. Dec. 21, 1989) (unpublished per curiam) ("Although we review here on an abuse of discretion standard, we are not concluding that that standard would be appropriate in the case of all jurisdictional dismissals. Under certain fact situations, the review may well be the more stringent de novo standard."). We retain the right to review this jurisdictional question because "whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation." United Mine Workers of America v. Gibbs, 383 U.S. 715, 727 (1966).
 
 
 8
 The doctrine of pendent jurisdiction allows for state claims to be joined with federal claims if both "derive from a common nucleus of operative fact" and "considerations of judicial economy, convenience and fairness to litigants" mandate such a result. Id. at 725-26. This court has recognized that a prerequisite to the exercise of pendent jurisdiction is that "the federal claim must have substance sufficient to confer subject matter jurisdiction[.]" Transcontintental Leasing, 738 F.2d at 165.
 
 
 9
 In January 1988, the district court dismissed the federal ADEA claim and allowed Neely to amend his complaint to add the state claim. The court at that time did not purport to retain jurisdiction over the state claim on the basis of pendent jurisdiction, although Neely had originally asked for leave to amend "to add an ancillary or pendent [state] age discrimination claim." J.App. at 94. In granting the motion to amend pursuant to Fed.R.Civ.P. 15(a), the district court stated only that Firestone knew it would have to defend against an age discrimination claim, that presumably Firestone was prepared to do so, and that Neely was not pursuing a new theory of the case. J.App. at 96.
 
 
 10
 When Firestone's summary judgment motion was granted in November 1989, the district court assumed that the state age discrimination claim was being heard under its pendent jurisdiction. However, at that point there was no "federal claim" whatsoever, only five state law causes of action. Jurisdiction existed under the diversity statute, but the diversity statute cannot transform a complaint consisting solely of state law issues into a "federal claim." There was no "federal claim" in the amended complaint which could warrant application of the pendent jurisdiction doctrine.
 
 
 11
 This confused procedural history behind this case possibly led the district court to improperly invoke pendent jurisdiction (two different judges presided over these proceedings). Our review leads us to conclude that the district court should have either dismissed the state claim with prejudice or addressed it on the merits. As the following section indicates, we find that Neely's state law age discrimination complaint should be heard on the merits. After the dismissal without prejudice, however, Neely refiled his claim in state court in January 1990 and Firestone promptly removed to the U.S. District Court for the Western District of Kentucky, Judge Simpson presiding (Neely v. Firestone Tire & Rubber, No. 90-0022-CS). On March 6, 1990, Judge Simpson granted Firestone's motion for a stay in the proceedings pending resolution of this appeal. As the parties are at present in the U.S. District Court for the Western District of Kentucky before Judge Simpson, we direct the district court to lift the stay and proceed to the merits of Neely's state age discrimination suit.
 
 III
 
 12
 * Firestone also argues that the district court should have granted it summary judgment on Neely's state age discrimination claim because the claim was without merit. Our review of the district court's denial of a summary judgment motion proceeds under an abuse of discretion standard. Pinney Dock and Transport Co. v. Penn Cent. Corp., 838 F.2d 1445, 1472 (6th Cir.), cert. denied, 488 U.S. 880 (1988).
 
 
 13
 Kentucky's age discrimination statute provides that:
 
 
 14
 It is an unlawful practice for an employer:
 
 
 15
 (1) To fail or refuse to hire, or to discharge any individual, or otherwise to discriminate against an individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... age between forty (40) and seventy (70); or
 
 
 16
 (2) To limit, segregate, or classify his employees in any way which would deprive an individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's ... age between forty (40) and seventy (70).
 
 
 17
 1987 Ky.Rev.Stat. & R.Serv. Sec. 344.040 (Baldwin).
 
 
 18
 In Harker v. Federal Land Bank of Louisville, 679 S.W.2d 226, 229 (Ky.1984), the Kentucky Supreme Court articulated the standard to be applied on a summary judgment motion in an age discrimination suit:
 
 
 19
 Rather than requiring that the pleadings and depositions foreclose the possibility that plaintiff can prove a case at the time of trial, the special rule for age discrimination summary judgments is whether the plaintiff has proof of "cold hard facts creating an inference showing age discrimination was a determining factor" in the discharge.
 
 
 20
 * * *
 
 
 21
 * * *
 
 
 22
 [P]laintiff must demonstrate facts sufficient to create a reasonable inference that age discrimination was the determining factor in an employment decision relating to him.... In the absence of specific evidence of age discrimination, a summary judgment is proper.
 
 
 23
 Harker, 679 S.W.2d at 229, 230.
 
 
 24
 In support of his age discrimination claim, Neely claims that he was not promoted to maintenance manager because of his age, as evidenced by the production manager's comment to him during the job interview that they wanted a younger person in the job. Firestone cites Carpenter v. American Excelsior Co., 650 F.Supp. 933 (E.D.Mich.1987), for the proposition that age-related statements do not foreclose summary judgment. In Carpenter, the plaintiff overheard his supervisor say to a group of people at a Christmas party that he liked his salesmen "young, mean and lean." Id. at 938. The district court did not find this statement to be probative of age discrimination toward the plaintiff. In the instant case, Neely was in a formal interview for the manager position, face to face with the individuals who would make the decision. After being told that Firestone wanted somebody younger, Neely was allegedly informed that he would not be given further consideration for the position. Under these facts, we conclude that the district court did not abuse its discretion in denying Firestone's summary judgment motion with respect to the state age discrimination claim.
 
 B
 
 25
 We also hold that Neely has failed to make out a constructive discharge claim because he has not established that working conditions were " 'so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign.' " Yates v. Avco Corp., 819 F.2d 630, 636-37 (6th Cir.1987) (citation omitted). Reassignment to second or third shift does not constitute constructive discharge. Neely voluntarily retired as part of a reduction in force plan in order to receive severance benefits. In his deposition, Neely admitted that the Production Manager told him that he would not be terminated. Thus, Neely's assertions of the events surrounding his voluntary departure--his transfer to the night shift, the statements by supervisors that he had "nowhere to go", and the manager's initial enthusiasm for his decision to resign--did not, as a matter of law, make Neely's working conditions so unbearable as to amount to a constructive discharge. We therefore affirm the dismissal of the state claims based upon breach of contract, express or implied, breach of duty of good faith, and infliction of severe emotional distress.
 
 IV
 
 26
 For the foregoing reasons, we AFFIRM the dismissal of Neely's state common law claims, and the denial of summary judgment on the state age discrimination claim. In addition, we REVERSE the dismissal without prejudice of the state age discrimination claim and REMAND for resolution on the merits in the case currently pending before Judge Simpson in the Western District of Kentucky.
 
 
 
 [1]
 In January 1990, Neely refiled his cause of action under Kentucky's age discrimination statute in the Henderson County Circuit Court. Firestone then removed to the United States District Court for the Western District of Kentucky. On March 6, 1990, the district court stayed the proceedings pending this appeal