977 F.2d 581
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert L. JOHNSON, Plaintiff-Appellant,
v.
SQUARE D COMPANY, Defendant-Appellee.
 No. 91-6445.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1992.
 
 Before DAVID A. NELSON, ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Robert L. Johnson appeals the district court's grant of summary judgment in favor of defendant Square D Company in this age discrimination action. Upon careful review, we AFFIRM.
 
 I.
 
 2
 Plaintiff Robert Johnson was terminated by defendant Square D on June 7, 1989, after thirty-one years of employment, as part of a plant-wide reduction in force at defendant's facility in Lexington, Kentucky. He was fifty-one years old. Plaintiff's position as a staff engineer in the tool engineering department was eliminated; the remaining six employees in that department assumed his duties. Johnson was one of twenty-seven employees terminated plant-wide.
 
 
 3
 Johnson brought suit alleging violations of the Age Discrimination Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634; the Employer Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461; state breach of contract claim; and motion to file a second amended complaint. The district court granted defendant's motion as to all claims. This appeal followed. We review the grant of summary judgment de novo. Faughender v. City of North Olmsted, Ohio, 927 F.2d 909, 911 (6th Cir.1991).
 
 II.
 A.
 
 4
 Because the plaintiff's termination occurred during a work force reduction, plaintiff must demonstrate not only that he was within the protected age group, was qualified to perform the job and was discharged; but must also present additional "direct, circumstantial, or statistical evidence tending to indicate that the employer singled out the plaintiff for discharge for impermissible reasons." Barnes v. GenCorp Inc., 896 F.2d 1457, 1465 (6th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 211 (1990). This showing is required "even if a plaintiff additionally demonstrated that younger persons were retained in other jobs which the plaintiff was qualified to perform." Id.
 
 
 5
 Plaintiff has not made out a prima facie case of age discrimination. First, plaintiff failed to present proof that he was qualified for the position. Defendant presented the deposition testimony of Johnson's supervisors and performance appraisals which established that plaintiff's performance was consistently substandard. In a "peer review/evaluation by criteria" prepared by management in May of 1989, plaintiff was ranked the poorest performer in his department. That Johnson received a favorable evaluation in September 1988 does little to further his case since his most recent evaluation before termination was negative. The test of whether an employee is qualified is whether he is meeting his "employer's legitimate expectations," Ang v. Proctor & Gamble Co., 932 F.2d 540, 548-49 (6th Cir.1991); which is measured at the time the decision to terminate is made. McDonald v. Union Camp Corp., 898 F.2d 1155, 1160 (6th Cir.1990). A plaintiff does not create a genuine issue of material fact regarding the quality of his work merely by challenging the judgment of his supervisors. Id. (citations omitted). Plaintiff offered no evidence to indicate that defendant's expectations were unreasonable or that he was "qualified" in May of 1989. Further, the next lowest ranked performer, Willard Hines, who is younger than defendant, consistently received higher rankings than Johnson. Thus, Square D was free to retain Hines over Johnson since it had a reasonable basis for believing Hines was better qualified. Barnes, 896 F.2d at 1471.
 
 
 6
 Johnson has also failed to offer additional evidence "tending to indicate" age discrimination. Plaintiff offers only circumstantial evidence, which we find unpersuasive. He offers no suggestion of a nexus between the corporate decision to freeze the 90-Point Plan, and the management decision to terminate him. Thus, the entry of summary judgment on this claim was proper.
 
 B.
 
 7
 Next, Johnson contends that his termination violated section 510 of ERISA, by interfering with his attainment to benefits. See 29 U.S.C. § 1140. To establish a Section 510 violation a plaintiff "must show that an employer had a specific intent to violate ERISA." Humphreys v. Bellaire Corp., 966 F.2d 1037, 1043 (6th Cir.1992) (quoting Rush v. United Technologies, Otis Elevator Div., 930 F.2d 453, 457 (6th Cir.1991). Plaintiff need only show that the interference with plaintiff's pension benefits was "a motivating factor" in the decision. Id. (citations omitted).
 
 
 8
 Assuming arguendo that plaintiff had made out a prima facie case he has failed to rebut defendant's legitimate, nondiscriminatory reason for discharging him. The mere fact that his termination would save Square D money in pension costs, standing alone, is not sufficient to prove the requisite intent. Conkwright v. Westinghouse, 933 F.2d 231, 239 (4th Cir.1991) cited with approval in, Humphreys, 966 F.2d at 1043.
 
 C.
 
 9
 Johnson also contends that the trial court erred in not allowing him to file a second amended complaint to add a claim for age discrimination pursuant to the Kentucky Civil Rights Act, K.R.S. § 344.040. The standard in Kentucky for proving an age discrimination claim is the same as the federal standard. Harker v. Federal Land Bank, 679 S.W.2d 226, 229 (1984). Given our disposition of the federal claim, amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962).
 
 D.
 
 10
 Johnson contends that when the employee handbook and pension plan are read together, they establish an implied contract that his employment could be terminated only for just cause. Square D's employee handbook expressly disclaims any contractual intent; we will not imply one. Nork v. Fetter Printing Co., 738 S.W.2d 824, 827 (1987). Further, alleged statements of two supervisors were not an oral modification of the at-will contract since there is no evidence of mutuality of obligation. Shah v. General Elec. Co., 697 F.Supp. 946, 948 (W.D.Ky.1988) (citing Shah v. American Synthetic Rubber Corp., 655 S.W.2d 489 (Ky.1983). The trial court's grant of summary judgment as to this claim was proper.
 
 III.
 
 11
 For the foregoing reasons, we AFFIRM the district court in all respects.