99 F.3d 1140
 9 NDLR P 13
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
John M. WATHEN, Plaintiff-Appellant,
v.
LEXMARK INTERNATIONAL, INC., Defendant-Appellee.
 No. 95-6281.
 United States Court of Appeals, Sixth Circuit.
 Oct. 25, 1996.
 
 Before: KRUPANSKY, BOGGS, and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, John M. Wathen, appeals the district court's grant of summary judgment to defendant, Lexmark International, Inc. ("Lexmark"). Specifically, Wathen contends that Lexmark unlawfully terminated his employment in violation of Kentucky's civil rights statutes, KRS § 344.040, due to a disability, i.e., diabetes. For the following reasons, we AFFIRM the district court.
 
 I.
 
 2
 Wathen, an insulin-dependent diabetic, began working for International Business Machines, Inc. ("IBM") in Lexington, Kentucky in 1979. IBM subsequently sold its Lexington facilities to Lexmark, and Wathen became a Lexmark employee. In 1993 Lexmark established a voluntary incentive program, the Individual Transition Program ("ITP"), to reduce the number of its regular employees. Lexmark offered ITP to employees ranked in the bottom 15% of all regular employees site-wide in terms of their contribution to the business. Pursuant to ITP, eligible employees could obtain twice the normal separation pay and other benefits if they voluntarily resigned or retired from Lexmark. The company advised eligible employees who chose not to participate in ITP that they would have to demonstrate substantial and consistent improvement in their job performance. If, after a reasonable period of time, they did not demonstrate the required improvement, Lexmark would terminate their employment for inadequate performance.
 
 
 3
 Pursuant to a site-wide evaluation, Lexmark ranked Wathen in the bottom 15% of the regular workforce. Although Wathen was technically proficient at his job as a product proficiency verification tester, Lexmark determined that he had serious deficiencies in other areas, particularly in his ability to get along and work with other employees. Consequently, in June 1993, Wathen's manager, Don Isaman explained ITP to Wathen. Wathen chose not to participate in ITP, and, on June 23, 1993, Isaman gave Wathen a formal evaluation as a "conditional performer."[1] Lexmark gave Wathen sixty days to make a significant improvement in his job performance. At the end of the sixty-day period, Lexmark determined that Wathen had failed to make the necessary improvement and terminated his employment in September 1993. In March 1994 Wathen obtained a similar job at Texas Instruments at approximately one-half the wage rate that he had earned at Lexmark.
 
 II.
 
 4
 This court reviews de novo a district court's grant of summary judgment. Central Distribs. of Beer, Inc. v. Conn, 5 F.3d 181, 183 (6th Cir.1993), cert. denied, 114 S.Ct. 2678 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c). Moreover, this court views all evidence in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 
 5
 In McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973), the Supreme Court constructed a three-part framework for handling employment discrimination cases.[2] Initially, the plaintiff must establish a prima facie case of discrimination; once established, the defendant must articulate a legitimate, nondiscriminatory business reason for its actions; once articulated, the plaintiff must establish that the business reason served as a pretext for discrimination. Id. at 802-805; see McDonald v. Union Camp Corp., 898 F.2d 1155, 1159-60 (6th Cir.1990) (noting that the McDonnell Douglas test has been "routinely employed in this circuit"). The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 6
 Assuming, without deciding, that Wathen has established a prima facie case, Lexmark has articulated a legitimate, non-discriminatory reason for demoting Wathen. It contends that Wathen was discharged because of his poor job performance and that he was removed only after Lexmark provided him the opportunity to improve his performance. To prove that the stated reason is pretextual, Wathen must show by a preponderance of the evidence either "(1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate [the decision], or (3) that they were insufficient to motivate [the decision]." Manzer v. Diamond Shamrock Chem. Co., 29 F.3d 1078, 1084 (6th Cir.1994). He has not demonstrated any pretext.
 
 
 7
 We are not persuaded that the district court erred in granting summary judgment to Lexmark. Wathen's 1993 performance evaluation found his abilities in the areas of adaptability, interpersonal skills, ability to apply knowledge, and dependability to be marginal and below expectations. After a probationary period, Wathen's subsequent performance evaluation found him deficient in the areas of adaptability and interpersonal skills. Additionally, the record contains memoranda documenting Wathen's work deficiencies. These memoranda indicate that Wathen was the instigator of numerous disputes with his fellow employees, particularly supplemental employees. Furthermore, information in Wathen's personnel file indicates that he was inclined to socialize during work hours, at the expense of his productivity.
 
 
 8
 The record contains no evidence that Lexmark's actions in discharging Wathen were motivated by his status as an insulin-dependent diabetic. As observed by the district court, Wathen apparently had difficulty working with other employees, which often led to disputes and tension in the workplace. This court should not put itself in a position of judging the correctness of Lexmark's actions in discharging Wathen. See Cooper v. City of North Olmsted, 795 F.2d 1265, 1271 (6th Cir.1986). Instead, the court should look at whether Lexmark's actions and intentions were pretextual or amounted to intentional discrimination. Id. A careful review of the record reveals no pretext or intentional discrimination.
 
 B.
 
 9
 Wathen argues that insulin-dependent diabetes is a disability under the Kentucky Civil Rights Act. Lexmark counters that Wathen must demonstrate that his diabetes substantially limits a major life activity and that insulin-dependent diabetes is not a disability per se.
 
 
 10
 We decline to decide whether an insulin-dependent diabetic is disabled per se under KRS § 344.040 because resolution of this issue is unnecessary in this case. For the reasons stated above, we conclude that Wathen has failed to prove that he was discharged because of his status as an insulin-dependent diabetic.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The evaluation defines "conditional performer" as one whose "[o]verall performance is marginal or does not meet minimum level of acceptability" and whose "[i]ndividual contributions or teamwork are below expectations of the job." Such conditional performance requires "immediate improvements and corrective actions."
 
 
 [2]
 Wathen brought the instant suit pursuant to the Kentucky Civil Rights Act. In interpreting this statute, this court looks to federal law for guidance. Harker v. Federal Land Bank of Louisville, 679 S.W.2d 226, 229 (Ky.1984)