**William H. RIDLEY, Plaintiff–Appellant,**

v.

**LUCENT TECHNOLOGIES, INC., Defendant–Appellee.**

No. 00–6044.

United States Court of Appeals, Sixth Circuit.

Dec. 3, 2001.

Before GUY and BOGGS, Circuit Judges; CARR, District Judge.*

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

## ORDER

William H. Ridley, a Kentucky resident represented by counsel, appeals the district court order granting summary judgment to the defendants in this state law employment discrimination case. The parties are represented by counsel and have waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

After exhausting his administrative remedies, Ridley sued Lucent Technologies, Inc., (Lucent) for monetary damages in Jefferson County, Kentucky, Circuit Court. Ridley, an African–American, alleged that Lucent discriminated against him on the basis of his race and age in violation of Kentucky law when the company failed to hire him as a systems technician. Lucent removed the case to federal district court and, after a period of discovery, moved for summary judgment. The district court granted Lucent's motion.

In his timely appeal, Ridley argues that the district court erred by finding that he introduced insufficient evidence of racial and age discrimination.

Upon de novo review, we conclude that the district court properly granted summary judgment to Lucent. See Holloway v. Brush, 220 F.3d 767, 772 (6th Cir.2000). In October 1995, Ridley applied to Lucent for the position of systems technician. He was forty-nine years old and had over twenty years of experience in the telecommunications field. Lucent's human resources officer interviewed Ridley, Jay Jackson, and two other candidates. Each candidate was rated on a job category assessment form with fourteen experience categories. Although Ridley out-scored Jackson in some areas, Jackson's overall score was 196 and Ridley's was 169. Lucent hired Jackson, who was thirty-one years old and white.

Ridley failed to present evidence on which a jury could reasonably find that Lucent discriminated against him on the basis of race or age. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Kentucky courts use federal standards to evaluate claims of race and age discrimination under. Ky.Rev.Stat. § 344.040. See Smith v. Leggett Wire Co., 220 F.3d 752, 758 (6th Cir.2000); Harker v. Fed. Land Bank of Louisville, 679 S.W.2d 226, 229 (Ky.1984); Kentucky Comm'n on Human Rights v. Commonwealth of Ky., Dept. of Justice, 586 S.W.2d 270, 271 (Ky.Ct.App.1979). Ridley established a prima facie case of both race and age discrimination because he was African–American, over forty, otherwise qualified for the position, and Lucent hired a substantially younger white candidate. See Barnett v. Dep't of Veterans Affairs, 153 F.3d 338, 341 (6th Cir. 1998); Thurman v. Yellow Freight Sys., Inc., 90 F.3d 1160, 1166 (6th Cir.1996), amended on denial of reh'g by 97 F.3d 833 (6th Cir.1996). Lucent, however, articulated a legitimate, nondiscriminatory reason for its hiring decision when it relied upon the candidates' scores on the job assessment form. Although Ridley may disagree with Lucent's criteria or its assessment of his experience, he presented no evidence that Lucent's reliance on the job assessment score was a pretext for discrimination. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 804, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).

For the foregoing reasons, we affirm the district court's order.