Jerry WELLS, Appellant,

v.

The CITY OF BOWLING
GREEN, Appellee.

No. 2010–CA–001232–MR.

Court of Appeals of Kentucky.

April 15, 2011.

Case Ordered Published by
Court of Appeals May 27, 2011.

Discretionary Review Denied by
Supreme Court Aug. 17, 2011.

Matthew J. Baker, Bowling Green, KY, for appellant.

Greg N. Stivers, Scott D. Laufenberg, Bowling Green, KY, for appellee.

Before DIXON and NICKELL, Judges; SHAKE,[1] Senior Judge.

*OPINION*

NICKELL, Judge:

Jerry Wells appeals the Warren Circuit Court's award of summary judgment to the City of Bowling Green on his claims of age discrimination and fraud. Following review of the record, the briefs and the law, we affirm.

Wells was a career police officer with the City of Bowling Green Police Department. He joined the force in 1976 as a

---

1. Senior Judge Ann O'Malley Shake sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

patrolman and retired on October 30, 2006, after serving a stint as interim police chief. His dream, however, was to end his career as the permanent police chief.

In May of 2006, Bill Waltrip, the Bowling Green police chief, and Gerry Brown, the Bowling Green fire chief, announced to the city commission their intention to retire. Immediately thereafter, the city commission went into closed session where they discussed the process for hiring successors for Waltrip and Brown. They decided to use the same process that had been used in 2005 to select a new city manager—an interim chief would be appointed who would not be eligible to apply for the permanent position. This selection process was not approved by a formal vote during or after the closed session. Furthermore, the prohibition on the interim appointee being eligible for the permanent position does not appear in the written protocol for selecting a new police chief.

At the time Waltrip announced his intention to retire, Wells was one of two deputy police chiefs on the force. City Manager Kevin DeFebbo asked Waltrip to recommend someone to serve as interim police chief and Waltrip asked Wells whether he wanted the position until appointment of the permanent police chief. Before accepting the interim position, Wells had two issues with which to wrestle: 1) he knew the interim chief was ineligible to apply for the permanent police chief position; and 2) Bowling Green has a policy called the "57 Rule" which requires all hazardous-duty personnel to retire during the month they turn 57 years of age.[2] Having been born in December of 1950,

Wells would be required to retire upon turning fifty-seven in December of 2007.

In June of 2006, Wells spoke with De-Febbo about the interim position and asked for the rationale for not allowing the interim police chief to compete for the permanent position. DeFebbo, according to Wells' answers to interrogatories, responded, "Well you know anytime this kind of decision is made in regard to a new chief of police, the idea of continuity and stability is key to a city manager. You want people who can give service over a period of time and that needs to be eight to ten years. Now of course you, well you know ..." and then changed the subject.[3] After mulling over the decision, Wells accepted the appointment as interim police chief. Wells did not apply for the permanent chief position because he was too busy with his doctoral candidate studies.

The City appointed Doug Hawkins as permanent police chief effective November 1, 2006. Wells could have remained on the force through December of 2007, but chose to retire at the end of October of 2006. According to his deposition, Wells never mentioned to any City official that he thought he was excluded from applying for the permanent police chief position because of his age.

A year after retiring, Wells filed a verified complaint against the City alleging: 1) age discrimination because he was fifty-five years of age at the time of his appointment as interim chief and DeFebbo had said he would only consider candidates for the permanent police chief position who could serve eight to ten years; and, 2) violation of KRS 344.300 and city ordinance BG80–63, both of which prohibit dis-

2. The "57 Rule" is not being challenged in this appeal.

3. Wells took this to be a reference to the City's "57 Rule." DeFebbo has testified it was a response to "Wells' inquiry regarding the (sic) DeFebbo's ability or desire to have the City change the 57 Rule."

crimination based upon age. On July 22, 2009, with leave of court, Wells filed an amended complaint reiterating his two original claims and alleging a new fraud claim based upon the City having knowingly "falsely represented material facts to [Wells] regarding the decisional process for the appointment of an interim police chief and/or the promotional process for the selection of a permanent police chief for the City of Bowling Green." The City moved to dismiss the amended complaint under CR [4] 12.02(f) because Wells failed to plead fraud with specificity as required by CR 9.02. Thereafter, Wells supplemented his first amended complaint with a more definite statement alleging: the City of Bowling Green, acting by and through its designated officials, falsely and fraudulently represented to the Plaintiff that the person who would assume the position of interim chief for the Bowling Green Police Department would not be eligible for appointment to the position of police chief on a permanent basis. Wells further alleged this procedure was "illegally adopted" during the commission's closed session, it was contrary to the written promotional procedure, it was conveyed to Wells "to dissuade him from seeking the position of police chief[,]" that Wells detrimentally relied upon the City's misrepresentations, and as a result suffered punitive and compensatory damages.

After the taking of several depositions, the City moved for summary judgment on May 28, 2010. In its supporting memorandum, the City alleged Wells had no direct proof of age discrimination and failed to develop a *prima facie* case of age discrimination as required by *Kentucky Center for the Arts v. Handley*, 827 S.W.2d 697, 699 (Ky.App.1991) which explains:

> [a]n employment discrimination action unfolds in three stages. First, the plaintiff must make a prima facie case of discrimination by offering proof that, 1) she is a member of a protected class, 2) she is qualified for and applied for an available position, 3) she did not receive the job, and 4) the position remained open and the employer sought other applicants. *McDonnell–Douglas Corporation v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Second, the employer must then articulate a "legitimate nondiscriminatory" reason for its action. *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Third, once such a reason is given, it is incumbent on the employee to demonstrate that the stated reason is merely a pretext to cover the actual discrimination. *Id.* at 256, 101 S.Ct. at 1095.

(footnote omitted). The City argued Wells was unqualified for the permanent police chief position because he had voluntarily disqualified himself by accepting the appointment as interim chief of police and he could not prove a *prima facie* case of age discrimination because he chose not to apply for the permanent position. Citing *Wanger v. G.A. Gray Co.*, 872 F.2d 142, 145 (6th Cir.1989), the City argued Wells' failure to apply for the position negated his attempt at establishing a *prima facie* case of age discrimination. Under *Harker v. Federal Land Bank of Louisville*, 679 S.W.2d 226, 229 (Ky.1984), the City argued that to withstand the motion for summary judgment, in the context of an age discrimination allegation, Wells had to offer proof of " 'cold hard facts creating an inference showing age discrimination was a determining factor' in the discharge." Moreover, Wells admitted in his deposition that he did not apply for the permanent position because he was too busy with his

---

4. Kentucky Rules of Civil Procedure.

doctoral candidate studies, not because he had been led to believe he would not be considered for the job due to his age.

The City also argued summary judgment was appropriate on the alleged violation of the City ordinance because it does not provide for civil remedies. Finally, the City argued summary judgment was appropriate on the fraud claim because it had acted precisely as it had indicated it would—it said it would not consider the interim appointee for the permanent position and it did not.

Wells filed a response opposing the motion for summary judgment. He argued the city commission had changed the procedure for selecting the permanent chief during a closed session and had failed to ratify that change with a public vote. He further argued there was an issue about DeFebbo's selection criteria—he claimed DeFebbo's statement that he would only consider applicants who could serve eight to ten years was the equivalent of age discrimination since Wells would have turned fifty-seven in December of 2007 and would have been required to retire at that time under the City's "57 Rule."

The motion for summary judgment was argued on June 7, 2010. On June 24, 2010, the trial court entered a four-page order granting summary judgment to the City. The trial court found Wells could not establish a *prima facie* case of age discrimination because he did not apply for the permanent position of police chief—a critical element of the *McDonnell Douglas* burden-shifting test. The trial court went on to say that even if DeFebbo had told Wells he would only consider candidates who could serve a minimum of eight to ten years, such a statement would not constitute evidence of age discrimination because "employment decisions motivated by factors other than age (such as retirement eligibility, salary, or seniority), even when

such factors correlate with age, do not constitute age discrimination." *EEOC v. McDonnell Douglas Corp.*, 191 F.3d 948, 951 (8th Cir.1999). Additional support for the trial court's ruling is found in *Hazen Paper Company v. Biggins*, 507 U.S. 604, 611, 113 S.Ct. 1701, 1706–07, 123 L.Ed.2d 338 (1993), which holds:

> [w]hen the employer's decision *is* wholly motivated by factors other than age, the problem of inaccurate and stigmatizing stereotypes disappears. This is true even if the motivating factor is correlated with age, as pension status typically is.... Yet an employee's age is analytically distinct from his years of service.... Because age and years of service are analytically distinct, an employer can take account of one while ignoring the other, and thus it is incorrect to say that a decision based on years of service is necessarily "age based."

The trial court also found no support for Wells' claim of fraud because he "knowingly accepted the interim position on the condition that he would no longer be considered for the permanent police chief position." The court found the City's failure to formally ratify this change did not mislead Wells. It is from this order that Wells appeals.

■ In reviewing a grant of summary judgment, we focus on "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996); CR 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v.*

*Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 480 (Ky.1991).

Applying the *Steelvest* standard, we conclude summary judgment was properly granted to the City because Wells never applied for the permanent position of police chief, a required showing under *McDonnell Douglas Corp. v. Green,* 411 U.S. at 802, 93 S.Ct. at 1824. Furthermore, Wells admitted during his deposition that he chose not to apply for the permanent position because he was too busy focusing on his doctoral studies, not because he had been convinced that he was too old to apply or that he was ineligible to apply because he accepted the position of interim chief. Hence, there were no genuine issues of material fact, and Wells could not, and did not, carry his burden.

Finally, Wells could not prevail on his fraud claim. First, the City had indicated the person chosen to serve as interim police chief would not be considered for the permanent position and he was not. Thus, as the trial court stated in its opinion, the City did not mislead Wells. Second, although not mentioned by the trial court, to challenge the commission's modification of the hiring procedure for lack of a public vote, Wells should have followed the steps outlined in KRS 61.846(1) which begins with submission of a written complaint to the commission proposing a remedy for the alleged error. This process was not followed. While exhaustion of administrative remedies is not required prior to the filing of suit, KRS 61.848(2) establishes the procedure and timeline which must be followed in filing suit and which were not followed in this case.

For the foregoing reasons, the order of the Warren Circuit Court awarding summary judgment to the City is AFFIRMED.

ALL CONCUR.