COMMONWEALTH of Kentucky, ALCO-
HOLIC BEVERAGE CONTROL
BOARD, Appellant,

v.

Dixie Sherman BURKE, Appellee.

Court of Appeals of Kentucky.

May 12, 1972.

John D. Darnell, Frankfort, for appellant.

Jack M. Lowery, Jr., Louisville, for appellee.

REED, Judge.

The circuit court set aside an order of the Alcoholic Beverage Control Board which suspended Dixie Burke's retail beer and drink licenses for a period of five days. There is no question that Burke violated the literal provisions of KRS 244.100 and 244.320 in that a female employee of the establishment served as bartender and sold a bottle of beer to an investigator of the Department of Alcoholic Beverage Control. On the same occasion, the investigator observed another female sitting at the bar and who was consuming what appeared to be a mixed drink containing whiskey.

KRS 244.100 provides that no licensee for the sale of alcoholic beverages which retail for consumption on the premises shall employ any female for any duties with respect to the sale of alcoholic beverages for consumption on the premises, except to wait upon tables or serve as cashier or usher. KRS 244.320 provides that no distilled spirits or whiskey shall be sold, given away or served to females on premises licensed for the sale of alcoholic beverages by the drink except at tables where food may be served.

The circuit court held that these particular provisions of the statutes concerned were repealed and the discriminatory portions of them were repudiated when the legislature subsequently adopted KRS 344.020(1) (a), which is our state's Civil Rights Act whose general recited purpose was to provide for execution within this state of the policies embodied in the Federal Civil Rights Act of 1964 (78 Stat. 241).

The Alcoholic Beverage Control Board has appealed and contends that the statutes are a valid exercise of the state's police power to regulate the sale of liquor and beer and the discrimination involved is permissible. We affirm the judgment of the circuit court.

The board argues that KRS 344.020(1) (a) at no place excludes discrimination because of sex. The board asserts that this statute makes it unlawful to discriminate in the employment of persons because of race, color, religion or national origin only. The Federal Civil Rights Act of 1964, in its equal opportunities section, clearly specifies that not only is discrimination to be abolished on the basis of race, color, religion, and national origin, but that discrimination on the basis of sex is likewise prohibited. The general purpose recited in Chapter 344 of the Kentucky statutes is to provide for execution within this state of the policies embodied in the Federal Civil Rights Act of 1964, and it was the circuit judge's conclusion that the clear and necessary implication was to remove every such discrimination in the area of employment.

We are not presented here with a statute excluding women completely from premises wherein alcoholic beverages are sold, nor

are we presented with a situation of where all women are prohibited from serving as bartenders. In the situation confronting us, women may serve as bartenders provided they are licensees, but as licensees they may not hire bartenders of their own sex. Men are permitted to serve as bartenders without regard to whether or not they hold a license. The effect of the questioned statutes is to permit a female to enter, patronize, and work on licensed premises. She may be served distilled spirits and whiskey at tables; she may be served malt beverages at the bar; but she may not be served at the bar the same distilled spirits or whiskey which she may properly and legally be served at a table. Under the terms of the statute, a female may wait upon tables; she may receive orders for alcoholic beverages; she may carry the beverage from the bar to the table and back again; she may even collect money for the sale of these drinks; but, unless she is a licensee of the premises, she may not mix the drinks which she is authorized by law to serve.

We agree with the Supreme Court of California that this discrimination is invidious and arbitrary and that the statutes are unconstitutional in their application to women under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution. See Sail'er Inn, Inc. v. Kirby, 5 Cal.3d 1, 95 Cal.Rptr. 329, 485 P.2d 529 (1971).

In the recent case of Reed v. Reed, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971), the Supreme Court of the United States, in an opinion by Chief Justice Burger, stated that under the Equal Protection Clause of the Fourteenth Amendment, a statutory classification must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike. In this case, the Supreme Court held that a mandatory provision of the Idaho probate code that gave preference to men over women when persons of the same entitlement class applied for appointment as administrator of a decedent's estate was based solely on a discrimination prohibited by and therefore violative of the Equal Protection Clause of the Fourteenth Amendment.

As long as women are permitted to secure licenses to operate bars and thereby serve as bartenders and waitresses, and so long as women are legally permitted to sit at bars and consume malt beverages which have alcoholic content, we perceive neither a rational connection nor a fair and substantial relation between the claimed objective of the statute (to properly regulate the sale of liquor or beer) and a purely discriminatory provision prohibiting non-licensee women bartenders and the consumption at the bar of distilled spirits rather than beer by women. It therefore follows that in these discriminatory aspects the statutes concerned are unconstitutional under the Equal Protection Clause. Such discrimination is not only solely based on sex but is compounded by a nonrational discrimination within the classification (females); the state does not attempt to demonstrate any compelling interest to be served by such compounded discrimination. Therefore, in these aspects the statutes are arbitrary and violate Section 2 of the Constitution of Kentucky. It is immaterial, therefore, in this case whether our state Civil Rights Act failed to specify sex as a prohibited category on which to base discrimination in the employment or discharge of individual citizens of this state.

The judgment is affirmed.

All concur.