817 F.2d 105
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank MARTIN, Plaintiff-Appellant,
v.
ST. JOE CONTAINER CO., Defendant-Appellee.
 No. 86-5583.
 United States Court of Appeals, Sixth Circuit.
 May 5, 1987.
 
 Before LIVELY and WELLFORD, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Frank Martin appeals the district court's grant of summary judgment in favor of defendant-appellee St. Joe Container Co. ("St. Joe") in this employment discrimination action brought pursuant to the Kentucky Civil Rights Act. See Ky.Rev.Stat.Ann. Sec. 344.010 et seq. (Baldwin 1979). Martin contends that whether he was qualified for his job, and whether his discharge was racially motivated, were genuine issues of material fact that should have precluded summary judgment. Because we find that the district court properly concluded that no genuine factual issue existed concerning whether Martin's discharge was racially motivated, we affirm.
 
 
 2
 Martin, a black, was hired by St. Joe in August, 1972. His termination arose from the events of November 22, 1982. According to St. Joe, Martin was suspended for insubordination after he disobeyed a direct order concerning how to operate the machine on which he worked. Martin contrarily contends that he disobeyed no order that day, but that his suspension was merely another example of racial discrimination at St. Joe. In any event, subsequent to Martin's suspension, St. Joe's plant supervisor reviewed Martin's employment history and found it to be the worst of any employee's at the plant. Martin's employment record revealed that he had been suspended nine times, three times for insubordination. On two of the three occasions when Martin had allegedly been insubordinate, he was initially terminated, but was reinstated each time and his termination was reduced to a suspension in resolution of his grievance. Because of Martin's repeated insubordination, however, St. Joe terminated his employment.
 
 
 3
 After an impartial arbitrator concluded that Martin was discharged for "just cause," Martin filed the instant action in Kentucky state court. St. Joe removed the case to federal court based on diversity of citizenship. See 28 U.S.C. Sec. 1441(a) (1982). The district court subsequently granted St. Joe's motion for summary judgment on alternative grounds. First, the court held that Martin failed to establish a prima facie case of race discrimination because his history of insubordination conclusively showed that he was not qualified for his position. Second, the court held that even if Martin was qualified, summary judgment was still appropriate because he failed to present sufficient evidence from which a factfinder could rationally infer that his discharge was motivated by considerations of race.
 
 
 4
 Martin contends on appeal that both of the district court's grounds for granting summary judgment were erroneous. We disagree. In our view, the district court properly concluded that Martin failed to present sufficient facts from which an inference of racial discrimination could be drawn.[1]
 
 
 5
 Initially, we note that a district court should grant a summary judgment motion only if the evidence before the court, viewed "in the light most favorable to the party opposing the motion," Smith v. Hudson, 600 F.2d 60, 63 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979), shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat a properly supported summary judgment motion, however, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); see Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552-54 (1986). A factual issue is "genuine" if the evidence before the district court presents an issue that "may reasonably be resolved in favor of either party." Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2511 (1986).
 
 
 6
 We are further guided in our resolution of this matter by the familiar analysis enunciated in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and its progeny,[2] and specifically by the requirement that a plaintiff must establish a prima facie case by presenting evidence which, if not explained, gives rise to an inference that his discharge was racially motivated. See Jackson v. RKO Bottlers of Toledo, Inc., 743 F.2d 370, 374-75 (6th Cir.1984). The prima facie case in discriminatory discharge cases is often said to require the plaintiff to prove that he belongs to a racial minority, that he was qualified for and was satisfactorily performing his job,[3] that he was terminated, and that he was replaced by a nonminority worker. Becton v. Detroit Terminal of Consolidated Freightways, 687 F.2d 140, 141 (6th Cir.1982), cert. denied, 460 U.S. 1040 (1983); see also Beaven v. Commonwealth of Kentucky, 783 F.2d 672, 676 (6th Cir.1986). However, this model was "never intended to be rigid, mechanized, or ritualistic." United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 715 (1983) (quoting Furnco Construction Corp. v. Waters, 438 U.S. 567, 577 (1978)). In particular, this court has held that a plaintiff need not show that he was replaced by a nonminority worker if other evidence before the court supports an inference of a racially motivated discharge. See Beaven, 783 F.2d at 676.
 
 
 7
 In the instant case, it is undisputed that Martin produced no evidence to show he was replaced by a nonminority worker. The issue for our review, therefore, is whether the district court properly held that Martin failed to adduce "other evidence" from which an inference of racial motivation for his discharge could be drawn.[4] We agree with the district court that Martin failed to produce sufficient evidence of this type to get over the summary judgment hurdle. At best, he showed only a few isolated and unrelated instances of racial tension occurring in the workplace during his ten years of employment at St. Joe. Such evidence is insufficient to establish that St. Joe had engaged in a longstanding pattern or practice of race discrimination, which would have supported the inference that Martin's particular discharge was racially motivated. See, e.g., Wooten v. New York Telephone Co., 485 F.Supp. 748, 758-60 (S.D.N.Y.1980). Martin also failed to support a disparate treatment theory of race discrimination; he simply did not show the existence of any similarly situated white employee who was not fired for insubordination. See, e.g., Cooper v. City of North Olmsted, 795 F.2d 1265, 1270 (6th Cir.1986); Murray v. Thistledown Racing Club, Inc., 770 F.2d 63, 69 (6th Cir.1985). Consequently, Martin failed to establish the existence of a factual issue which could have reasonably been "resolved in favor of either party," Liberty Lobby, 106 S.Ct. at 2511; see Celotex Corp., 106 S.Ct. at 2553; Fed.R.Civ.P. 56(e), concerning whether his discharge was racially motivated. Accordingly, summary judgment was appropriate. See Fed.R.Civ.P. 56(c).
 
 
 8
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 In view of this holding, we need not consider the propriety of the district court's alternative holding that Martin was unqualified to perform his job
 
 
 [2]
 Although Martin brought this action under the Kentucky Civil Rights Act, see Ky.Rev.Stat.Ann. Sec. 344.010 et seq. (Baldwin 1979), Kentucky courts have held that this Act incorporates federal discrimination law under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (1982). See Harker v. Federal Land Bank of Louisville, 679 S.W.2d 226, 229 (Ky.1984); Kentucky Commission on Human Rights v. Commonwealth, 586 S.W.2d 270, 271 (Ky.App.1979); see also Commonwealth v. Burke, 481 S.W.2d 52 (Ky.1972); Ky.Rev.Stat.Ann. Sec. 344.020(1)(a) (Baldwin 1979)
 
 
 [3]
 For the purposes of our analysis, we assume that Martin was qualified for and was satisfactorily performing his job. See supra note 1
 
 
 [4]
 The district court's alternative holding, on which we rely, concluded that Martin failed to produce evidence sufficient to create a genuine factual issue on the "ultimate question" of the motivation for his discharge. As discussed above, however, because Martin did not show that he was replaced by a nonminority worker, we view this failure of proof as negating the existence of the requisite prima facie case. See Beaven v. Commonwealth of Kentucky, 783 F.2d 672, 676 (6th Cir.1986)