Marie F. ARNEY, Plaintiff,

v.

Charles W. CAMPBELL, individually and in his official capacity as Superintendent of the Simpson County Schools; and the Simpson County Board of Education, Defendants.

Civ. A. No. C92–0099–BG(H).

United States District Court,
W.D. Kentucky,
at Bowling Green.

March 11, 1994.

Arthur L. Brooks, Jr., Brooks & Fitzpatrick, Lexington, KY, J. Richard Downey, Franklin, KY, for plaintiff.

Michael A. Owsley, Robert Arthur Young, English, Lucas, Priest & Owsley, Bowling Green, KY, Janet Jobe Crocker, Crocker & Wilkey, Franklin, KY, for defendants.

## MEMORANDUM OPINION

HEYBURN, District Judge.

This matter is before the Court on motion of Defendants, the Simpson County Board of

Education and then Superintendent Charles W. Campbell, for summary judgment. Plaintiff, Marie F. Arney, a tenured public school teacher demoted from principal of an elementary school, challenges the constitutionality of the Teachers' Tenure Law, KRS 161.765(2) (1990, amended 1993), giving administrators the right to a hearing before demotion. Plaintiff argues that the statute, as amended in 1990 to eliminate principals' right to a hearing while protecting lesser administrators, is a denial of equal protection guaranteed under the Kentucky and United States Constitutions. Plaintiff also claims that Defendant violated KRS 161.760(3), which requires notice setting forth specific reasons for a pay reduction and, further, that her demotion was discriminatory on the basis of age and gender in violation of the Kentucky Civil Rights Act, KRS 344.040; and alternatively in violation of 42 U.S.C. § 1983 (1988) for exercising her right of free speech guaranteed under the United States Constitution. For the reasons set forth herein, the Court will dismiss all but the age and gender discrimination claims and the § 1983 claim.

## I.

Having thirty-two years experience as a school teacher, Plaintiff served as Principal of a public elementary school, beginning in March 1987, for five years before she, over the age of sixty, was demoted to a teaching position in June, 1992. During Plaintiff's tenure as a principal, the Kentucky General Assembly enacted sweeping education reform in 1990, the Kentucky Education Reform Act ("KERA"), KRS Chapters 156–163, mandating, among other things, the implementation of site-based decision councils in each school. KRS 160.345. These councils are comprised of teacher and parent representatives and chaired by the school principal to make administrative decisions on matters including personnel and curriculum. Although KERA did not mandate implementation of these councils until 1996, the Superintendent of the Simpson County Schools, Defendant Charles W. Campbell, supported implementation of a decision council at Plaintiff's school in the 1991–92 school year. The decision to implement prior to the statutory deadline, however, does not rest with the superintendent but with a majority vote of the school's teachers. KRS 160.345(5). In this case, the teachers rejected early implementation by a narrow margin.

In a letter dated May 12, 1992, Superintendent Campbell notified Plaintiff pursuant to KRS 161.760(3) that she was demoted to the position of classroom teacher for the upcoming school year and that her salary would be reduced accordingly. The reasons for her demotion, as set forth in the letter, were two unsatisfactory evaluations citing poor morale among the staff, opposition to the implementation of site-based decision making councils, and a dictatorial leadership style incompatible with the goals of KERA. Plaintiff, on the other hand, alleges that she performed her duties properly and satisfactorily and that evaluation disparities between other principals and her, the only female principal in the Simpson County School System, account for an intent to improperly remove her as principal. Plaintiff further denies that she opposed site-based decision making councils, per se, but indicated instead an opinion concerning whether to implement a council before the 1996 mandate while concurrently implementing a new primary program.

## II.

Plaintiff first challenges the constitutionality of the interim amendment deleting principals from the procedural protections afforded tenured administrators, KRS 161.720, 765 (1990). Before the 1990 amendment and currently under the 1993 amendment, an administrator who has completed three years of administrative service has the right to a hearing before demotion. This statute was amended in 1990 to exclude principals from the definition of administrators, thus eliminating their right to a hearing before demotion. Plaintiff argues that the 1990 amendment, as applied to principals, effectively denies her equal protection of the law guaranteed under the Kentucky and United States Constitutions. An equal protection analysis of this statute requires the Court to determine whether there is a rational basis for the disparity of treatment between principals and other administrators. *Clements v. Fashing,* 457 U.S. 957, 102 S.Ct. 2836, 73 L.Ed.2d

508 (1982); *Chapman v. Eastern Coal Corp.,* 519 S.W.2d 390 (1975). If the denial of the same procedural protections afforded other administrators lacks a rational relationship with achieving a legitimate state goal, the statute is unconstitutional. *Id.*

Defendants assert that one basis for eliminating the right of principals to the cumbersome procedural safeguards of other administrators is to permit the swift removal of principals who may be in a unique position to hinder easy implementation of KERA.[1] Plaintiff counters that because the statute protects lesser subordinates, namely assistant principals, the elimination of principals from the procedural safeguards is arbitrary. However, assistant principals do not wield the same authority as a principal and there is less need for their swift removal. The complex interactions envisioned by KERA places tremendous leadership responsibilities on school principals. Without their support of KERA's basic concepts, education reform would be impossible. The Court is persuaded, therefore, that there is a legitimate distinction between principals and other administrators supporting the sweep of the tenure statute.

### III.

■ Plaintiff also claims that Defendants violated KRS 160.760(3), which requires notice setting forth specific reasons for a pay reduction resulting from a reduction in responsibilities. Plaintiff does not contend that notice was untimely or that the reasons set forth in the letter of May 12th were not specific. The gravamen of Plaintiff's claim under this statute is that Defendants' listed reasons were not the true and actual reasons for her demotion and, thus, actionable under *Gibson v. Board of Education of Jackson County,* 805 S.W.2d 673 (Ky.App.1991) and *Board of Education of McCreary County v. Williams,* 806 S.W.2d 649 (Ky.App.1991). Plaintiff contends that her age and gender were the true reasons for her demotion or, alternatively, that the allegations concerning her opposition to KERA are inaccurate. The Court concludes, however, that Plaintiff's po-

sition fails to state a claim under this state statute. Both *Gibson* and *Williams* addressed situations where the statutory notice failed to adequately notify an adversely affected employee of the reasons for dismissal that, in turn, prejudiced the employee's ability to adequately prepare a defense or otherwise correct an error.

The notice in this case achieved its intended purpose: it is now incumbent on Defendants to support the proffered basis for demotion in defense of these allegations of unlawful discrimination. Plaintiff cites no authority for the proposition that this statute codifies a specific claim for misrepresentation, nor could Plaintiff show that she relied on the notice to her detriment. The notice adequately apprised Plaintiff of the schools' grounds for demotion, thereby permitting her to prepare this action. Defendants compliance with the letter of the statute, therefore, withstands Plaintiff's claim. Because Plaintiff has failed to show that she was impermissibly prejudiced by the notice of May 12th, Defendants are entitled to summary judgment on this claim.

### IV.

■ Plaintiff contends that Defendants demotion discriminated on the basis of her age and gender in violation of the Kentucky Civil Rights Act, KRS 344.040. Plaintiff carries the same burden of proof under both the age and gender claims, and the law of Kentucky, in this regard, is patterned after the federal discrimination laws. *Harker v. Federal Land Bank of Louisville,* 679 S.W.2d 226, 229 (Ky. 1984); *Kentucky Center for the Arts v. Handley,* 827 S.W.2d 697, 701 n. 4 (Ky. App.1991).

This is a disparate treatment case requiring Plaintiff to prove discriminatory intent in Defendants' decision to terminate her status as Principal. Plaintiff may establish that Defendants intentionally discriminated on the basis of gender and age with either direct evidence or circumstantial evidence under the prima facie case method. *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376

---

1. This basis for removal is distinguishable from an unconstitutional removal premised merely upon the legitimate exercise of a principal's First Amendment rights.

(6th Cir.1993). Under the pretext case method, Plaintiff must show that Defendant's nondiscriminatory reason for demotion (as articulated in the notice of demotion in this case) is pretextual. *Simpson v. Diversitech General, Inc.,* 945 F.2d 156, 158–59 (6th Cir. 1991). Under both methods, Plaintiff must show that her age or gender was a motivating factor in the employment decision.

In this case, Plaintiff has produced both circumstantial and direct evidence of discrimination. Defendant hired a younger male with less experience to replace Plaintiff as Principal. Plaintiff has also testified that Defendant Campbell had mentioned that she should retire. Defendants, in turn, contend that Plaintiff's poor evaluations for the school years 1990–91 and 1991–92 are grounds for demotion. Plaintiff contends, however, that these evaluations were pretextual given Defendants' failure to similarly evaluate the other male school principals and Defendants failure to formally evaluate her in the first three years of her service as Principal. Plaintiff also disputes the substance of the evaluations, citing improved parent participation in the Parent Teacher Organization and a Blue Ribbon Award for the school. Although a jury may well find that age and gender were not a motivating factor in the demotion of Plaintiff, the Court concludes that Plaintiff has carried her burden of proof, thereby creating a genuine issue of material fact.

### V.

■ According to Defendants, another basis for Plaintiff's demotion is her opposition to the implementation of a site-based decision making council at the elementary school. On this issue, Plaintiff claims that if her age and gender were not a motivating factor in the decision to demote her to the position of classroom teacher, a demotion on the basis of her perceived opposition to the goals of KERA unduly impinges upon her First Amendment right of free speech, which is compensable under 42 U.S.C. § 1983.[2] A public employee's right of free speech is more limited than that of an ordinary citizen. Public citizens are protected against adverse

employment decisions only when speaking on a matter of public concern. *Connick v. Myers,* 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983). The speech implicated in this case is not merely a matter of personal interest. Education reform is a subject of considerable public attention and debate within the Commonwealth of Kentucky, particularly as full implementation of KERA approaches.

■ A public employee's right to speak even on a matter of public concern, however, is viable only if it outweighs the interest of the state as an employer in promoting the efficiency of public services it performs through its employees. *Pickering v. Board of Educ.,* 391 U.S. 563, 573, 88 S.Ct. 1731, 1737, 20 L.Ed.2d 811 (1968). Although Plaintiff's speech concerned not merely a public issue, but an important issue that is part and parcel of her duties as a public educator, the Court concludes that this case implicates protected speech. In this case, Plaintiff's speech did not implicate the school's interest in the efficiency of public education or implementing KERA mandates. The very decision whether to implement site-based decision councils required debate and differences of opinion among school personnel since its implementation hinged on a majority vote of teachers. Had the decision rested with the Superintendent or had implementation been a current rather than a 1996 mandate, then Plaintiff's opposition to the implementation would have directly contradicted stated objectives of her employment and, thus, might well have constituted unprotected speech.

According to Plaintiff's version of the facts in this case, however, Plaintiff admits stating that teachers should only support early implementation of site-based decision councils if they were willing to work more by being on a committee. Because teachers were already undergoing significant change and stress in implementing the new primary program of KERA, Plaintiff's opposition to KERA was limited to early rather than eventual implementation. Specifically, Plaintiff contends that she, having had significant training for these councils, supported an interim, modified form of a decision council in preparation

---

**2.** Plaintiff also asserts the right of free speech guaranteed under the Kentucky Constitution.

Section 1983, however, expressly vindicates only federal rights.

for the implementation of the mandated councils. Plaintiff's speech in this context, therefore, outweighs Defendants' interest in the early implementation of its contingent goal of site-based decision councils. Under these facts, and given the content of the notice of demotion, it is also apparent that a jury could well find that Plaintiff's speech was a motivating factor in Defendants' decision to demote Plaintiff.

### VI.

The Court, therefore, holds that there are triable issues of fact regarding Plaintiff's age and gender discrimination claims as well as the free speech claim. The remaining claims turn on an issue of law adverse to Plaintiff's position. The Court is entering an Order consistent with this memorandum opinion.