J.W. ROBERTS, Appellant,

v.

Leon MOONEYHAN, Individually and in his official capacity as Superintendent of the Shelby County, Kentucky, Schools; and Board of Education of Shelby County, Kentucky, Appellees.

No. 93–CA–001917–MR.

Court of Appeals of Kentucky.

April 21, 1995.

Withdrawn and Reissued
July 14, 1995.

R. Vaughn Murphy, Philpot & Sullivan, Lexington, on brief for appellant/respondent.

John C. Fogle, III, Robert L. Chenoweth, Chenoweth Law Office, Frankfort, on brief, for appellees/petitioners.

Before HUDDLESTON, JOHNSON and McDONALD,[1] JJ.

HUDDLESTON, Judge.

J.W. Roberts was the principal of the West Middle School in Shelby County, Kentucky. He was demoted from principal to teacher on May 14, 1992. Historically, Ky.Rev.Stat. (KRS) 161.765, which sets forth the procedures for demotion of administrative personnel, governed a demotion like Roberts'. The statute provided for a hearing before the board of education at the request of an administrator whom the school superintendent proposed to demote. Unfortunately for Roberts, his demotion fell during a time when the laws governing education were in a state of flux.

After the Kentucky Supreme Court decided *Rose v. Council for Better Education, Inc.*, Ky., 790 S.W.2d 186 (1989), the General Assembly passed the Kentucky Education Reform Act (KERA). In revamping the state's education system, the legislature rewrote several statutes. Among them was KRS 161.720, a statute that defined "administrator" for the purposes of KRS 161.765. At the time of his demotion, the term "principal" was not listed in the definition of "ad-

ministrator" in KRS 161.720(8). KRS 161.765 only makes hearings available to administrators. Roberts argues that the denial of his right to a pre-demotion hearing deprived him of equal protection of the laws guaranteed by the Fourteenth Amendment to the Constitution of the United States and is an exercise of arbitrary power prohibited by Section 2 of the Kentucky Constitution.

■ The term "principal" was part of the definition of "administrator" before 1990 and from 1992 on, but it did not appear in the version of the statute enacted in 1990. Interestingly, "assistant principal" is in the 1990 definition of "administrator." Two different acts reshaped KRS 161.720. The first, Kentucky Acts, Chapter 476 § 80 intentionally deleted "principal" from the definition of "administrator." Kentucky Acts, Chapter 518 § 8 further amended the statute by deleting people who evaluated or supervised personnel from the definition. "Principal" was intentionally deleted from KRS 161.720(8) by the legislature. It is a violation of equal protection to treat similarly situated individuals differently without any justification. One who has a liberty or property interest affected by such a law may assert an equal protection claim. *See Booher v. United States Postal Service*, 843 F.2d 943, 944 (6th Cir.1988). Roberts argues that as a principal, he was similarly situated to assistant principals and other administrators. Thus, he should be entitled to a predemotion hearing. It is his position that a denial of such a hearing for him violates his rights under the United States Constitution and the Kentucky Constitution.

■ In equal protection law there are three tiers of scrutiny employed by reviewing courts: (1) strict scrutiny, (2) mid-level scrutiny and (3) rational basis scrutiny.[2] Roberts

---

1. Judge McDonald concurred in this opinion prior to his resignation of June 30, 1995. Release of the opinion was delayed by normal administrative handling.

2. *Mississippi University for Women v. Hogan*, 458 U.S. 718, 724, 102 S.Ct. 3331, 3333, 73 L.Ed.2d 1090, 1098 (1982); *Reed v. Reed*, 404 U.S. 71, 75, 92 S.Ct. 251, 253, 30 L.Ed.2d 225, 229 (1971);

does not claim that his case involves a suspect classification such as those based on race, ethnicity, alienage and, sometimes, legitimacy and gender. Nor does he assert a violation of a fundamental right such as the right to privacy, the right to vote and the right to travel. Consequently, in Roberts' case, we will employ rational basis scrutiny.

It has been said that "[l]egislative distinctions between persons, under traditional equal protection analysis, must bear a rational relationship to a legitimate state end." *Chapman v. Gorman*, Ky., 839 S.W.2d 232, 239 (1992). Put another way, "[t]he proper test to be applied under the equal protection clause and the cited sections of the Kentucky Constitution is whether there is a rational basis for the different treatment." *Hooks v. Smith*, Ky.App., 781 S.W.2d 522, 523 (1989).

 In reviewing statutes enacted by the General Assembly we indulge in the presumption that they are constitutionally valid. As this Court has said, "the legislature has wide latitude and prerogative. With this also comes the presumption of validity." *Harris v. Commonwealth*, Ky.App., 878 S.W.2d 801, 802 (1994). *See also Madden v. Kentucky*, 309 U.S. 83, 88, 60 S.Ct. 406, 408, 84 L.Ed. 590 (1940). Furthermore, "those attacking the rationality of the legislative classification have the burden 'to negative every conceivable basis which might support it.'" *FCC v. Beach Communications, Inc.*, 508 U.S. ——, ——, 113 S.Ct. 2096, 2102, 124 L.Ed.2d 211, 222 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364, 93 S.Ct. 1001, 1006, 35 L.Ed.2d 351, 358 (1973)).

The appellees point to several distinctions between principals and other administrators, showing that the positions are not similarly situated. Principals, under KERA, are the only people who evaluate teachers, preside over the school based decision-making council, and hire personnel for the school which they serve. In *Arney v. Campbell*, 856 F.Supp. 1203 (W.D.Ky.1994), the defendants put forth another explanation for the legisla-

tive distinction between principals and other administrators. According to the Superintendent of the Simpson County Schools, the deletion "is to permit the swift removal of principals who may be in a unique position to hinder easy implementation of KERA." *Id.* at 1205. Here, the trial court found that:

> The complex interactions envisioned by KERA places tremendous leadership responsibilities on school principals. Without their support of KERA's basic concepts, education reform would be impossible. The Court is persuaded, therefore, that there is a legitimate distinction between principals and other administrators....

As did the United States District Court for the Western District of Kentucky in *Arney v. Campbell, supra*, we conclude that a rational basis exists for distinguishing between principals and other administrators. Thus, the elimination of "principal" from the definition of "administrator" violates neither the Equal Protection Clause of the Fourteenth Amendment nor Section 2 of the Kentucky Constitution.

The summary judgment for the appellees is affirmed.

All concur.

*Commonwealth Alcoholic Beverage Control Board*      *v. Burke*, Ky., 481 S.W.2d 52, 54 (1972).