Denny K. WHITLOW, Appellant,

v.

KENTUCKY MANUFACTURING
COMPANY, Appellee.

No. 87–CA–471–MR.

Court of Appeals of Kentucky.

Sept. 2, 1988.

Discretionary Review Denied
by Supreme Court
Feb. 1, 1989.

Kenneth H. Baker, James S. Scroghan, Louisville, for appellant.

Charles E. Allen, III, Kathy P. Holder, Brown, Todd & Heyburn, Louisville, for appellee.

Robert Klein, Louisville, for amicus curiae.

Before COOPER, MILLER and WEST, JJ.

COOPER, Judge.

This is an appeal from a summary judgment for the appellee, defendant below, in an action brought under the Equal Opportunities Act, KRS 207.130 et seq. On appeal, the principal issue is whether the trial court correctly ruled that there was no genuine issue as to any material fact and the appellee was entitled to judgment as a matter of law. CR 56.03. Reviewing the record below, we affirm the trial court's order, dismissing the action.

Even if, as is argued by the appellant, the trial court erred in ruling that he is not a handicapped person under KRS 207.130 et seq., the record supports the trial court's ruling that insufficient facts were presented to create an inference that he was discharged as a result of discrimination. On this basis alone, the entry of summary judgment was proper. As such, we adopt the trial court's order as follows:

This matter is before the Court on a Motion for Summary Judgment and dismissal by Defendant, Kentucky Manufacturing Company and on a Motion for Judgment by Plaintiff, Denny K. Whitlow.

I. Plaintiff brings this action under KRS 207.130 et seq., Equal Opportunities Act, alleging the Defendant Constructively discharged the Plaintiff, failed to rehire him and discriminated against him because of his handicap. KRS 207.150 states, in pertinent part:

(1) No employer shall fail or refuse to hire, discharge or discriminate against any handicapped individual with respect to wages, rates of pay, hours, or other terms and conditions of employment because of such person's physical handicap unless such handicap restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible, or unless otherwise provided by law; nor shall any employer limit, segregate or classify handicapped individuals in any way which would deprive or tend to deprive any handicapped individual of employment opportunities or otherwise affect employee status because of physical handicap, unless such handicap constitutes a bona fide and necessary reason for such limitation, segregation or classification....

KRS 207.150(1) concerns employment practices as they relate to a physically

handicapped individual. For purposes of the Act, the term "physical handicap" is defined in KRS 207.130(2) as "the physical condition of a person whether congenital or acquired, which constitutes a substantial disability to that person and is demonstrable by medically accepted clinical or laboratory diagnostic techniques."

II. Plaintiff has failed to present a prima facie case of employment discrimination based upon "physical handicap" under KRS 207.130 et seq. on two grounds: (1) Plaintiff is not a physically handicapped person within the meaning of KRS 207.130 and KRS 207.150; and (2) the evidence in the record is insufficient to support Plaintiff's allegation that he was discharged because of physical handicap.

First, Plaintiff is not a physically handicapped person within the meaning of KRS 207.130 and KRS 207.150. While there are no reported Kentucky decisions interpreting the statutory language of KRS 207.130 et seq., the Act appears clear on its face to address only physically handicapped individuals. Plaintiff's physical problems with regard to coordination, vision and varicose veins do not render him physically handicapped for purposes of the Act. While the court recognizes that a person may be mentally impaired to such a degree as to render him physically handicapped, Plaintiff's mental condition does not constitute a substantial disability within the meaning of KRS 207.130.

Second, the evidence in the record is insufficient to support Plaintiff's allegation that he was discharged because of physical handicap. Plaintiff has failed to produce specific facts creating an inference showing discrimination on the basis of physical handicap was a determining factor in his discharge. *Harker v. Federal Land Bank of Louisville,* 679 S.W.2d 226 (Ky.1984).

There is no genuine issue as to any material fact and the Defendant, Kentucky Manufacturing Company is entitled to a summary judgment as a matter of law.

All issues relating to Plaintiff's claims for a jury trial, compensatory damages and punitive damages as well as Defendant's claims of Plaintiff's failure to comply with procedural requirements and attempted fraud by the Plaintiff are now moot.

THEREFORE, IT IS HEREBY ORDERED that the complaint be, and is hereby, DISMISSED.

The order below is AFFIRMED.

All concur.