96 F.3d 1448
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Carol REID, Plaintiff-Appellant,
v.
CONTEL CELLULAR OF LOUISVILLE, INC., Defendant-Appellee.
 No. 94-5544.
 United States Court of Appeals, Sixth Circuit.
 Sept. 4, 1996.
 
 On Appeal from the United States District Court for the Western District of Kentucky, No. 91-00254; Ronald E. Meredith, Judge.
 W.D.Ky.
 REVERSED.
 Before: BOGGS, SILER, and GIBSON,* Circuit Judges.
 SILER, Circuit Judge.
 
 
 1
 Plaintiff, Carol Reid ("Reid"), filed suit against defendant, Contel Cellular of Louisville, Inc. ("Contel"), alleging that Contel violated section 207.150 of the Kentucky Equal Opportunities Act. Ky.Rev.Stat. § 207.150. Specifically, Reid alleges that Contel refused to hire her due to her handicap. The district court granted Contel's motion for summary judgment, stating that Reid failed to establish the existence of a substantial disability that would qualify as a "physical disability" for purposes of section 207.150. The district court also determined, sua sponte, that Reid failed to state sufficient facts to raise an inference that Contel made its decision not to hire based on Reid's disability. Reid appeals the judgment of the district court. For the following reasons, we reverse.
 
 BACKGROUND
 
 2
 Reid began working in 1987 as sales manager with McCaw Cellular Communications, Inc. ("McCaw") in Louisville, Kentucky. In 1988 she was promoted to major accounts sales manager for McCaw. In February 1989 she discovered a lump on her face, which was diagnosed as cancerous. Between February and March 1989, Reid underwent a number of surgeries that successfully removed the tumor, which was attached to a facial nerve, rebuilt the nerve, and put a spring in her eyelid so that it could open and close. The cancer has not recurred, and Reid has not needed chemotherapy.
 
 
 3
 Reid was off work from late March 1989 through September 1989. During this time, she received compensation and benefits from McCaw. When Reid returned to work in September, she was able to perform all of her job functions but suffered from facial paralysis, which affected her ability to smile, raise her eyebrows, and display many normal facial expressions.
 
 
 4
 In October 1989 Contel announced that it was purchasing McCaw's regional market. The takeover did not occur, however, until January 1990. In the meantime, Reid interviewed for a position with Contel. Reid learned soon after the interview that Contel expected to reduce the number of sales managers from three to two and that she would not be hired because she had missed too much work during 1989.
 
 
 5
 When McCaw became aware of Reid's situation with Contel, McCaw promised to find a position for her elsewhere in the company. Reid eventually accepted a position as a major accounts program manager with McCaw in California.
 
 
 6
 Reid filed suit against Contel in Jefferson Circuit Court pursuant to section 207.150 of the Kentucky Equal Opportunities Act, alleging that Contel did not hire her because of her handicap. Contel removed the case to the district court and moved for summary judgment. The district court granted Contel's motion.
 
 DISCUSSION
 
 7
 This Court reviews de novo a district court's grant of summary judgment. Central Distribs. of Beer, Inc. v. Conn, 5 F.3d 181, 183 (6th Cir.1993), cert. denied, 114 S.Ct. 2678 (1994). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Moreover, we view all evidence in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).
 
 
 8
 I. "Physical Disability" Under the Kentucky Equal Opportunities Act
 
 
 9
 Section 207.150 of the Kentucky Equal Opportunities Act states:
 
 
 10
 No employer shall fail or refuse to hire, discharge, or discriminate against any individual with a disability with respect to wages, rates of pay, hours, or other terms and conditions of employment because of the person's physical disability unless the disability restricts that individual's ability to engage in the particular job or occupation for which he or she is eligible....
 
 
 11
 Ky.Rev.Stat. § 207.150 (emphasis added). Section 207.130(2) defines the term "physical disability" as "the physical condition of a person whether congenital or acquired, which constitutes a substantial disability to that person and is demonstrable by medically accepted clinical or laboratory diagnostic techniques." Ky.Rev.Stat. § 207.130(2) (emphasis added).
 
 
 12
 The statute fails to define the term "substantial disability." Additionally, no Kentucky appellate decisions have construed this term within the context of a section 207.150 action. Although the Kentucky Court of Appeals applied section 207.130(2) in the case of Whitlow v. Kentucky Mfg. Co., 762 S.W.2d 808, 809 (Ky.Ct.App.1988), to hold that a plaintiff suffering from coordination and vision problems, varicose veins, and some type of mental disability was not "physically disabled," the court engaged in no analysis of section 207.130(2).
 
 
 13
 This court cannot independently supplant the language of section 207.30(2) with that of the Rehabilitation Act of 1973 or the Americans with Disabilities Act ("ADA"). Section 207.130(2) does not parallel the Rehabilitation Act or the ADA. The Rehabilitation Act and ADA's definitions of "disability" differ from that of section 207.130(2). See Southerland v. Hardaway Management Co., 41 F.3d 250, 255 (6th Cir.1994) (stating that the Kentucky Equal Opportunities Act is not modeled on the Rehabilitation Act). Section 706(8)(B) of the Rehabilitation Act and section 12102(2) of the ADA define "disability" as "a physical or mental impairment which substantially limits one or more of such person's major life activities." 29 U.S.C. § 706(8)(B); see 42 U.S.C. § 12102(2). Furthermore, both the Rehabilitation Act and the ADA require that the person have a record of having such a disability or be regarded as having such a disability. 29 U.S.C. § 706(8)(B); 42 U.S.C. § 12102(2). In contrast, section 207.130(2) addresses only those conditions that substantially disable the person and that are demonstrable by medical evidence.[1]
 
 
 14
 Considering the statute's failure to adequately define the term "substantial disability" and the lack of analogous law in this area, this court must rely on the plain language of the statute to construe the meaning of "substantial disability."[2] If Reid's physical condition falls within the definition of "substantial disability," Contel cannot discharge or discriminate against her because of her physical disability unless the disability restricts her job performance.
 
 
 15
 The district court's order granting Contel's motion for summary judgment indicates that it found that Reid's condition did not constitute a "substantial disability" because "she is presently able to perform all of her job functions just as successfully as before the surgery." The district court stated, "To find that plaintiff falls within the limits of KRS 207.130(2) would be to open the statute to a far greater number of persons, that is, people returning to work following recovery from an illness who have regained all of their capabilities."
 
 
 16
 We disagree. We find that the statute does not exclude from its definition of "substantial disability" physical conditions that do not restrict an individual's ability to perform his or her job. Instead, we find that "substantial disability" includes physical conditions that do not restrict an individual's ability to perform his or her job functions.
 
 
 17
 The wording of section 205.150 supports this interpretation. Section 207.150 states: "No employer shall ... discharge[ ] or discriminate against any individual with a disability with respect to ... terms and conditions of employment because of the person's physical disability unless the disability restricts that individual's ability to engage in the particular job or occupation for which she is eligible...." Ky.Rev.Stat. § 207.150 (emphasis added). Section 207.130(2) defines "physical disability" for purposes of section 207.150 as "the physical condition of a person ... which constitutes a substantial disability to that person and is demonstrable by medically accepted clinical or laboratory diagnostic techniques." Ky.Rev.Stat. § 207.130(2). The term "substantial disability" reasonably includes physical conditions that do not restrict an individual's ability to perform his or her job functions. If the definition of "substantial disability" does not extend to include physical conditions that do not restrict the individual's ability to perform his or her job functions, then, presumably, the Kentucky legislature would not have included wording in section 207.150 that distinguishes between physical conditions that restrict job performance and physical conditions that do not restrict job performance. In other words, if "substantial disability" does not include physical conditions that do not restrict an individual's job performance, then the phrase "unless the disability restricts that individual's ability to engage in the particular job or occupation for which she is eligible" is entirely superfluous and adds no meaning to section 207.150. We cannot conclude that the Kentucky legislature intended to incorporate meaningless phrases in Kentucky law.
 
 
 18
 II. The District Court's Sua Sponte Grant of Summary Judgment
 
 
 19
 District courts "possess the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had to come forward with all of her evidence." Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The Sixth Circuit recognizes this power but also requires that the opposing party "be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court." Routman v. Automatic Data Processing, Inc., 873 F.2d 970, 971 (6th Cir.1989); see also Beaty v. United States, 937 F.2d 288, 291 (6th Cir.1991). Consequently, a district court cannot enter summary judgment "sua sponte on grounds not urged on him by either party, without informing the adversely affected parties of his intent to do so." Beaty, 937 F.2d at 291. Unless the opposing party waived notice or the error is harmless, the judgment will usually be reversed on the ground that the district court was without authority to enter judgment. Routman, 873 F.2d at 971.
 
 
 20
 In the instant case, Contel moved for summary judgment on two grounds. Contel argued: 1) Reid is not "physically disabled" and 2) Reid failed to comply with the notice requirements of the statute.[3] Accordingly, Reid responded to these two arguments. The district court, however, decided to grant summary judgment to Contel, at least in part, on a ground urged by neither party, without informing Reid of its intent to do so. Specifically, the court held that Reid failed to state sufficient facts to raise an inference that Contel made its decision not to hire based on her disability. No evidence exists that Reid waived her right to notice. Thus, the district court's sua sponte grant of summary judgment was erroneous.
 
 CONCLUSION
 
 21
 The court REVERSES the March 31, 1994 order of the district court granting Contel's motion for summary judgment and REMANDS this case to the district court for further proceedings in accordance with this opinion.
 
 
 22
 BOGGS, Circuit Judge, concurring.
 
 
 23
 I agree that in this particular case there is a genuine issue of material fact as to whether plaintiff's particular facial conditions would constitute "a substantial disability" under a layman's view of that term.
 
 
 
 *
 The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 Although Defendant cites to Harker v. Federal Land Bank of Louisville, 679 S.W.2d 226 (Ky.1984), as evidence that Kentucky courts look to federal discrimination statutes for guidance in interpreting Kentucky discrimination statutes, Harker involved an age discrimination claim. The court in Harker noted that "[t]he Kentucky age discrimination statute is specially modeled after the Federal law." Id. at 229. In the case at hand, no evidence exists to indicate that section 207.150 was specially modeled after federal law. Accordingly, neither the language of the statute itself nor decisions of the Kentucky courts support an interpretation of section 207.150 by reference to federal law
 
 
 [2]
 Because the statutory definition of "substantial disability" is ambiguous and because the issue of its interpretation is likely to arise in subsequent cases, this court sought the assistance of the Kentucky Supreme Court to construe §§ 207.130(2) and 207.150. The Kentucky Supreme Court denied this court's request for a certification of law
 
 
 [3]
 Contel states in its memorandum in support of its summary judgment motion that it did not intend at that time to argue the causation issue